[Civ. No. 2734.    Third Appellate District.—February 21, 1924.]

## ISABELLE PETERSON, Appellant, v. THE BOARD OF SUPERVISORS OF SOLANO COUNTY et al., Respondents.

[1] RECLAMATION DISTRICTS — NATURE OF ORGANIZATION — STATE AGENCY.—A reclamation district created by a special act of the state legislature, although it includes a part of a city, is not a special commission or a municipal corporation, but is a public agency or an arm of the state; and whatever is done is the act of the state, and not the act of a special commission by a corporation, company, association, or individual within the meaning and intent of those words as they appear in section 13 of article XI of the state constitution.

[2] ID.—RECLAMATION OF PRIVATE LANDS—MUNICIPAL POWERS.—Section 3488 of the Political Code vests no power in municipal corporations of the sixth class to reclaim private lands.

[3] ID. — HOW DISTRICTS CREATED — POWERS OF MUNICIPALITIES. — There are two methods of creating reclamation districts, one as provided by section 3446, of the Political Code and the other by act of the legislature; and it is only when the district is organized under 3488 that the municipality has the same power over it as is exercised by county officers over districts organized under the other provisions of the Political Code.

[4] ID. — IMPROVEMENT OF CITY LOTS — ASSESSMENTS — MUNICIPAL POWERS.—Subdivision 11 of section 862 of the Municipal Corporation Bill does not vest cities of the sixth class with any power to assess city lots or improve the same by raising the level thereof, filling up depressions therein or conferring any power whatever, save and except the building of breakwaters, jetties, seawalls, or embankments to protect the city from the incursion of outside waters; and there is nothing in said subdivision conferring the authority to make the costs of the improvements and the filling up of the lots a burden to be borne by the lots and premises improved.

[5] ID.—RECLAMATION OF PRIVATE LANDS—STATE POWER—CREATION OF DISTRICTS.—Cities of the sixth class have no power to reclaim private lands, but this power is vested in the state, and the creation of districts is the means of exercising this power of assessment.

[6] ID. — CITIES OF SIXTH CLASS — MUNICIPAL FUNCTIONS. — The municipal functions pertaining to cities of the sixth class relate to public safety, public health, maintenance of streets, lights, and the enforcement of general police powers, and they do not in any sense embrace the reclamation or improvement of private property.

[7] ID.—BOUNDARIES—INCLUSION OF STREETS WITHIN DISTRICT.—The validity of a special act of the legislature creating a reclamation district is not affected by the mere fact that there are or may thereafter be streets, lanes, or alleys within its exterior boundaries.

[8] ID.—CITIES OF SIXTH CLASS—EFFECT OF STATE LAWS.—Cities of the sixth class are not immune from the effect of general laws passed by the legislature.

[9] ID. — CREATION BY SPECIAL ACTS — CONSTITUTIONAL LAW. — There is no constitutional limitation to the creation of reclamation districts by special acts of the legislature.

[10] ID. — IMPOSITION OF TAXES — BENICIA RECLAMATION DISTRICT — CONSTITUTIONAL LAW.—Section 12 of article XI of the state constitution, which provides that the legislature shall have no power to impose taxes upon counties, cities, towns, or other public municipal corporations or upon the improved property thereof for county, city, town, or other municipal purposes, etc., is not violated by the special act of the legislature, approved June 3, 1921, creating the Benicia Reclamation District, which embraces a part of the city of Benicia, a municipal corporation of the sixth class.

[11] ID.—BENEFIT TO CITY—MUNICIPAL PURPOSE.—The fact that the improvement of private property within a city of the sixth class may be a benefit to the municipality does not render the reclamation or improvement thereof a municipal purpose.

[12] ID.—SUPERVISION OVER DISTRICTS—LEGISLATIVE CONTROL.—The legislature, by section 13 of article XI of the state constitution, is given power to provide for the supervision of reclamation and conduct in such manner as it may direct the affairs of reclamation districts, irrigation districts, and drainage districts organized or existing under any state law; and the legislature, in providing for the Benicia Reclamation District, is only doing what it is empowered to do under and by virtue of the powers conferred by said section of the constitution.

[13] ID.—POLICE POWERS OF STATE—SPECIAL ASSESSMENTS.—The reclamation of swamp and overflowed lands of the state of California, whether privately or publicly owned, is a state work and comes

within its general police powers; and the state has the power to provide for the reclamation of lands by imposing special assessment or creating machinery through which special assessments are imposed and collected.

[14] ID.—DUE PROCESS—NOTICE—FAILURE TO EMBRACE OPPORTUNITY.—Where notice is given and opportunity afforded to appear and make objections to the proceedings taken and had for the assessment of lands included within a given reclamation district, just as provided by the various sections of the Political Code incorporated into and made applicable for the government of the district by the act of the legislature creating the same, and a property owner is given full opportunity to be heard upon the question of benefits and, as provided by law, an opportunity to have his objections thereto heard by the board of supervisors and also by action in the court, the fact that such opportunity is not embraced does not affect the validity of the proceedings.

[15] ID.—FIXING OF BOUNDARIES—LEGISLATIVE ACT — NOTICE — PRESUMPTION.—Where a reclamation district is created by a special act of the state legislature, the matter of fixing the boundaries is a legislative matter, and it will conclusively be presumed that the legislature, in passing such act, took all steps necessary and gave full opportunity to all parties to be heard.

APPEAL from a judgment of the Superior Court of Solano County. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Leo J. McEnerney for Appellant.

Arthur C. Huston, Harry L. Huston and Brantley W. Dobbins, District Attorney, for Respondents.

PLUMMER, J.—This is an appeal from the judgment of the superior court of the county of Solano denying a writ of review of the proceedings of the Board of Supervisors of the County of Solano whereby assessment number 1 for reclamation purposes was confirmed and authorized to be levied upon certain real property in the city of Benicia, including the property owned by the petitioner.

By an act of the legislature approved June 3, 1921 (Stats. 1921, p. 1611), a reclamation district was created, to be called and known as the Benicia Reclamation District. The boundaries of said district are described as follows:

"All those lots and portions of lots, streets and alleys and portions of streets and alleys lying within and being a part of the City of Benicia, County of Solano, State of California, as such city is shown and delineated on a map of said city of Benicia filed in the office of the county recorder of the county of Solano on the tenth day of March, 1921, and recorded in book four, page 35 of maps which said lots and portions of lots, streets and alleys and portions of streets and alleys all lie within a territory bounded as follows." (Here follows description of the property referred to, which includes something over twenty-five blocks lying within the exterior boundaries of the city of Benicia.)

By section 2 of the act just referred to the management and control of said Benicia Reclamation District is made subject to the provisions of article I of chapter 1 of title 8 of part 3 of the Political Code, relating to swamp and overflowed lands and reclamation districts and the amendments thereto. Three trustees were provided for. The principal place of business was designated as the city of Benicia. The funds of the district were to be deposited in the county treasury of the county of Solano. Provision was made for the adoption of by-laws by the district. All the rights and powers conferred by law upon reclamation or swamp land districts were conferred upon the district organized by said act; in fact, it appears to be the intent and purport to confer upon the Benicia Reclamation District all and singular the powers conferred by law upon and exercised by other reclamation and swamp land districts.

By reason of the conclusion at which we have arrived upon the main issues presented for consideration in this cause, the preliminary objection urged by respondent, that *certiorari* is not the proper proceeding to test the validity of the acts of the Board of Supervisors of the County of Solano in levying an assessment upon the property included in the district, will neither be considered nor passed upon herein.

It is insisted by the appellant that the act creating the Benicia Reclamation District vests in the district functions and powers conferred upon the city of Benicia by the Municipal Corporation Bill and by the General Laws of the state:

"That the jurisdiction over reclamation within the city of Benicia is vested in the municipal authorities; that the

act creating the Benicia Reclamation District vests in a special commission jurisdiction over the municipal functions of the city of Benicia in contravention of section 13, article 11, of the Constitution; that the act creating the Benicia Reclamation District delegates to a special commission the power to levy assessments for a municipal purpose and therefore is in contravention of section 12, article 11, of the state constitution; that the act creating the Benicia Reclamation District is an act attempting to regulate the affairs of the city of Benicia by a special law and hence in violation of section 6, article 11, of the Constitution of California; that the act creating the Benicia Reclamation District is in violation of subdivision 33, section 25, article 4, of the state Constitution in that it is a special and local law relating to and dealing with a subject wherein the general law can be made applicable; that the assessment levied by the supervisors places the entire cost of reclamation upon only a part of the land benefited and it is therefore confiscatory and in violation of section 13 of article 1 of the Constitution of the State of California, and section 1 of the fourteenth amendment to the Constitution of the United States; that if the act creating the Benicia Reclamation District be construed as giving to the Board of Supervisors the power to determine the benefits then the assessment is unconstitutional in that it was levied without giving petitioner a hearing or opportunity of hearing as to the inclusion of her lands within the assessment district.''

As some of the foregoing objections apparently overlap, we shall not attempt to consider them *seriatim*.

[1] Many definitions have been given of the kind and character and the appellation properly applicable to a reclamation district, but in no instance has such an organization ever been called a special commission or a municipal corporation, but it is now generally spoken of and we may therefore assume legally known and designated simply as a public agency or an arm of the state. From which it follows that the contention of the appellant that a special commission or person or superbody has been created to interfere with or exercise control over the municipal affairs of the city of Benicia is wholly untenable. Whatever is done is the act of the state of California, and is not the act of a special commission by a corporation, company, association or indi-

vidual within the meaning and intent of those words as they appear in section 13 of article XI of the constitution of the state.

[2] Nor can we follow the argument of the appellant in the interpretation sought to be given to section 3488 of the Political Code. As we read that section it vests no power in municipal corporations of the sixth class to reclaim private lands. That section, as amended, specifies that the provisions of the Political Code therein enumerated shall be applicable to any land situated within the limits of municipalities of the first class only and to tide-lands within two miles of other incorporate cities or towns which are subject to overflow.

[3] There are two methods of creating reclamation districts, one as provided by section 3446 of the Political Code and the other by act of the legislature. It may be further observed that there is nothing contained in section 3488, *supra*, preventing or inhibiting the creation of a reclamation district by special act of the legislature. It is only when the district is organized under section 3488 that the municipality has the same power over it as is exercised by county officers over districts organized under the other provisions of the Political Code.

[4] Subdivision 11 of section 862 of the Municipal Corporation Bill (Stats. 1883, p. 93), relied upon by appellant, does not, as we read the subdivision, vest cities of the sixth class with any power to assess city lots or improve the same by raising the level thereof, filling up depressions therein or conferring any power whatever, save and except the building of breakwaters, jetties, seawalls, or embankments to protect the city from the incursion of outside waters. There is nothing in the subdivision conferring the authority to make the costs of the improvements and the filling up of the lots a burden to be borne by the lots and premises improved. The limitation of the powers conferred by this subdivision are set forth in the case of *City of San Pedro* v. *Southern Pac. R. R. Co.*, 101 Cal. 336 [35 Pac. 993]. They are therein defined as being the same as the powers possessed by a natural person, which do not include the powers of levying and collecting special assessment for local improvements.

[5] Nor do we find anything in the Act 2371 or in 2372a (Deering's Gen. Laws) which carries in the Municipal Corporation Bill or the laws creating cities of the sixth class any power to do or perform the work sought to be accomplished by the special act of the legislature creating the Benicia Reclamation District. Those acts relate to public improvement work or utility or improvements necessary or convenient to carry out the objects, purposes and powers of the municipalities. There is nothing in either one of these acts vesting the town of Benicia with the power to reclaim private lands. We agree with respondents that this power is vested in the state of California. The creation of districts is the means of exercising this power of assessment. That the city of Benicia is vested with the same powers as the reclamation district finds no support either in the statute, codes, or decisions.

[6] We do not need to enter upon a discussion of the municipal functions pertaining to cities of the sixth class. Suffice to say that those functions relate to public safety, public health, maintenance of streets, lights, and the enforcement of general police powers. They do not in any sense embrace the reclamation or improvement of private property. Again, in considering whether the act in question trenches upon the municipal powers of the city of Benicia it must be borne in mind that there is nothing in the act which purports to give the district any power whatever to change the grades of streets, interfere with the grades of streets, laying out streets, abandon streets, or exercise any political or police power within the boundaries defined as the reclamation district created by the act. The defining of boundaries is not a conferring of power. If the exterior boundaries of the district created had been set out by metes and bounds so as to indicate the territory included within the district, it would have sufficed and conferred exactly the same power upon the officials of the reclamation district as is conferred by the description chosen to be given by the legislature. Contrariwise, the description chosen by the legislature confers no more power than if the district had simply been described by giving the metes and bounds of the exterior lines thereof. [7] Within every reclamation district, whether organized under the provisions of the Political Code or by special act of the legislature,

are public highways (which we may now say are both improved and unimproved) and it can scarcely be contended that the creation of these districts are invalid because there are public highways within their exterior boundaries. If this is true, the validity of the act creating the Benicia Reclamation District is not affected by the mere fact that there are or may hereafter be streets, lanes or alleys within its exterior boundaries. [8] It may also be stated that cities of the sixth class are not immune from the effects of general laws passed by the legislature. (See *Ex parte Braun,* 141 Cal. 208 [74 Pac. 780].)

[9] Neither is there any constitutional limitation to the creation of reclamation districts by special acts of the legislature. This statement of the law has been definitely and firmly established in our jurisprudence by the many decisions of our courts having to do with this question. (*People* v. *Levee District No. 6,* 131 Cal. 30 [63 Pac. 676]; *Reclamation District No. 70* v. *Sherman,* 11 Cal. App. 399 [105 Pac. 277].) On pages 406 and 407 of 11 Cal. App. (105 Pac. 277) will be found a very full and careful analysis of what constitutes a reclamation district, of what it is, of what it is not, and of the power of the legislature to create such districts and also many answers to the constitutional objections urged by appellant against the act creating the Benicia Reclamation District. The opinion in the Sherman case, *supra,* is such a complete answer that a mere reference thereto is sufficient. To the same effect is the case of *People* v. *Sacramento Drainage District,* 155 Cal. 373 [103 Pac. 207].

[10] What we have said answers in part the contentions of the appellant that the act creating the Benicia Reclamation District is violative of the provisions of section 12 of article XI of the state constitution. That section provides that the legislature shall have no power to impose taxes upon counties, cities, towns, or other public municipal corporations or upon the improved property thereof for county, city, town or other municipal purposes, etc. If the reclamation of private property within the exterior boundaries of the city of Benicia were a municipal purpose, then and in that case the objection would be good, but it is not a municipal purpose, as we have shown a reclamation district is not a county, a city, a town, or a public municipal

corporation. That part of the section has no application, but the remainder of the section simply prohibits the levying of taxes upon the inhabitants or property thereof for county, city, town, or other municipal purposes.

[11] That the improvement of private property within the city of Benicia may be a benefit to the municipality does not render the reclamation or improvement thereof a municipal purpose. As the private property is reclaimed, its value will be increased and may, through taxes levied thereon, correspondingly inure to the benefit of the municipality but that in nowise changes the purpose of the act in question, to wit, reclamation pure and simple. As we read the act, we do not see that it in any way interferes or authorizes any interference with any municipal improvement, money, property, or effects whatever. The money raised by assessment on the district does not belong to the municipality nor is it raised with the intent and purpose of being devoted to anything coming within the powers of the municipality. Section 13 of article XI does not, as we read the section, in any manner create a barrier to the provisions of the act creating the Benicia Reclamation District. The act in question, as we have heretofore shown, does not delegate to any special commission, private corporation, company, association, or individual power to make, control, appropriate, supervise, or in any way interfere with any improvement, money, or property of the city of Benicia, nor does it give the Board of Supervisors of the County of Solano or the trustees of the Benicia Reclamation District any power to trench upon or interfere with any of the things mentioned in said section 13. [12] The legislature by said section 13 is given power to provide for the supervision of reclamation and conduct in such a manner as it may direct the affairs of reclamation districts, irrigation districts, and drainage districts organized or existing under any law of the state. These provisions are entirely separate. The legislature in providing for the Benicia Reclamation District is only doing what it is empowered to do under and by virtue of the powers conferred by section 13 of article XI of the state constitution herein considered. If the act in providing for the regulation of said Benicia Reclamation District infringed upon any of the prohibitory provisions contained in said section 13, then, of course, to

that extent the act of the legislature would be void, but in view of the fact that the Benicia Reclamation District is an entity, and agency or arm of the state, as distinct and separate from the city of Benicia, as a municipality, as though they were in separate and distinct parts of the state of California, it is readily perceived that their powers do not conflict, even though they do actually cover and include a portion of the same territory. Their identities are distinct and their constitutional powers and limitations are also distinct and separate. [13] We may state again that the reclamation of swamp and overflowed lands of the state of California, whether privately or publicly owned, is a state work and comes within its general police powers. The power of the state to provide for the reclamation of lands by imposing special assessment or creating machinery through which special assessments are imposed and collected is so firmly established by the decisions of this state that we do not need to give this question further consideration. The objection that all the lands within the exterior boundaries of the Benicia Reclamation District have not been assessed, whether benefited or not benefited, is fully answered by the following decisions: *Reclamation District No. 3* v. *Goldman,* 65 Cal. 640 [4 Pac. 676]; *Los Angeles County F. C. Dist.* v. *Hamilton,* 177 Cal. 126 [169 Pac. 1028]; *In re Madera Irr. Dist.,* 92 Cal. 296 [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675]; *Miller & Lux* v. *Sacramento & San Joaquin Drainage Dist.,* 182 Cal. 252 [187 Pac. 1041]. [14] Objection was also made that the assessment is void in that private property is taken without an opportunity to be heard. A reference to the transcript, folios 100 to 119, shows that notice was given and opportunity afforded to appear and make objections to the proceedings taken and had for the assessment of the lands included within the district just as provided by the various sections of the Political Code incorporated into and made applicable for the government of the district in question by the act creating the same. The petitioner was given the full opportunity to be heard upon the question of benefits and, as provided by law, an opportunity to have her objections thereto heard by the Board of Supervisors and also by action in the superior court. The fact that such opportunity was not embraced does not affect the validity of the proceedings.

[15]   The district was created by an act of the legislature
and, as stated by the court in the case of *People* v. *Sacra-
mento Drainage Dist.*, *supra*, it is conclusively presumed
that the legislature took all necessary steps and gave full
opportunity to all parties to be heard. As stated by re-
spondent, the matter of fixing the boundaries was a legis-
lative matter and the hearing as to the apportionment was
had before the Board of Supervisors. The opportunity
to be heard was given. No further requirement is neces-
sary. Being of the opinion that no constitutional reasons
have been shown why the act of the legislature creating the
Benicia Reclamation District should be held void or that any
of the acts of the Board of Supervisors of the County of
Solano in relation thereto are other than as authorized by
law, it follows that the judgment of the trial court should
be and the same is hereby affirmed.

Finch, P. J., and Shields, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the
supreme court, after judgment in the district court of ap-
peal, was denied by the supreme court on April 21, 1924.

All the Justices concurred.