[S. F. No. 11097. In Bank.—August 5, 1924.]

## CITY OF OAKLAND (a Municipal Corporation), Petitioner, v. E. F. GARRISON, as Auditor, etc., Respondent.

[1] CONSTITUTIONAL LAW—GIFT OF PUBLIC MONEY — PUBLIC PURPOSE. Where the question arises as to whether or not a proposed application of public funds is to be deemed a gift within the meaning of that term as used in section 31 of article IV of the constitution, the primary and fundamental subject of inquiry is as to whether the money is to be used for a public or a private purpose. If it is for a public purpose within the jurisdiction of the appropriating board or body, it is not, generally speaking, to be regarded as a gift.

[2] ID. — IMPROVEMENT OF PUBLIC STREET — PUBLIC PURPOSE. — The proper improvement of a public street is a public purpose, and the appropriation of money by a county to a city for the purpose of improving a public street of said city, which improvement is of general county interest, is not to be regarded as a gift in the sense that it is to be devoted to a private purpose as distinguished from a public one.

[3] ID.—IMPROVEMENT OF PUBLIC STREET WITHIN CITY—APPROPRIA-
TION OF MONEY BY COUNTY — PUBLIC PURPOSE — BENEFIT TO
COUNTY.—In order that an appropriation of money by a county
to a city for the purpose of improving a public street of said
city may not be in violation of section 31 of article IV of the
constitution, which provides in effect that the legislature shall have
no power to authorize the making of any gift of any public
money to any municipal corporation, the appropriation must be
not only for a public purpose, but it must also be for a purpose
which is of interest and benefit generally to the people of the
county.

[4] ID.—APPROPRIATION BY COUNTY—MANDAMUS—INTEREST TO COUNTY
—BOARD OF SUPERVISORS—FINDINGS.—In a proceeding in *manda-
mus* to compel a county auditor to draw his warrant in favor of
a city, pursuant to a resolution adopted by the board of super-
visors of the county appropriating a certain sum to the city for
the purpose of improving a public street of said city, the question
whether the improvement of this particular street within the city
is a matter of such general county interest that county funds
may properly be expended therein, must be answered in the affirma-
tive in view of the express finding, determination, and declaration
by said board of supervisors that the proposed improvement "is
of general interest to the said county of Alameda and that aid
of the said county of Alameda should be extended therefor,"
which finding and determination must be assumed to be correct,
in the absence of any showing or suggestion to the contrary.

[5] JUDICIAL NOTICE—IMPROVEMENT OF PUBLIC STREETS—BENEFIT TO
COUNTY.—In these days of the almost universal use of motor
vehicles for the transportation of passengers and freight, it is a
matter of common knowledge that the improvement of a street
within a city may well be of much more than local interest and
benefit. This is particularly noticeable in those cases where such
a street connects with a county boulevard or state highway.

[6] CONSTITUTIONAL LAW—APPROPRIATION BY COUNTY—NONVIOLATION
OF SECTION 13, ARTICLE XI, CONSTITUTION.—The appropriation by
a county of money to a city for the purpose of improving a pub-
lic street of said city, which improvement is of general county
interest, is not in violation of section 13 of article XI of the
constitution, which prohibits the legislature from delegating cer-
tain power "to any special commission, private corporation, com-
pany, association or individual."

---

(1) 15 **C. J.**, p. 587, sec. 290.   (2) 15 **C. J.**, p. 587, sec. 290.
(3) 15 **C. J.**, p. 587, sec. 290.   (4) 26 **Cyc.**, p. 476.   (5) 23 **C. J.**,
p. 59, sec. 1810.   (6) 15 **C. J.**, p. 587, sec. 290.

---

6.  See 7 **Cal. Jur.** 523.

PROCEEDING in Mandamus to compel auditor of Alameda County to draw warrant covering an appropriation to the City of Oakland. Writ granted.

The facts are stated in the opinion of the court.

Leon E. Gray, City Attorney, and Robt. M. Ford, Deputy City Attorney, for Petitioner.

Ezra W. Decoto, District Attorney, and Earl Warren, Assistant District Attorney, for Respondent.

MYERS, C. J.—This is an application for a writ of mandate to compel the respondent as county auditor to draw his warrant in favor of the petitioner, pursuant to a resolution adopted by unanimous vote of the board of supervisors of Alameda County, declaring that the improvement by paving the same with oil macadam of a described portion of Skyline boulevard, a public street of the city of Oakland, in which said city has the usual easement for street purposes, is of general county interest, and appropriating to the city of Oakland for such improvement the sum of five thousand dollars from the funds received by the county from the vehicle act and constituting the county good roads fund, and directing the respondent as auditor to draw his warrant in favor of petitioner for said sum. A demand was duly made by petitioner upon respondent, who refuses to draw such warrant. The respondent admits the truth of all the facts alleged in the petition and files as his return thereto a general demurrer. He does not contend that the form of the complaint herein is insufficient or that the resolution of the board of supervisors or any other act preliminary to the issuance of the warrant fails in any respect to conform to the provisions of the statute under which those proceedings were taken, to wit: "An act authorizing counties to improve or assist in the improvement of streets lying in municipalities." (Stats. 1923, p. 123.) His sole contention is that said act, and particularly section 1 thereof, under which these proceedings were had, is in violation of section 31 of article IV and section 13 of article XI of our constitution. Said section 1 provides as follows:

"The board of supervisors of any county may by a four-fifths vote determine by resolution that the proposed improvement of a street or portion of street within an incorporated city is of general county interest and that county aid should be extended therefor. Such resolution must refer to the street or portion of street, the general nature of the improvement proposed and the nature of the aid to be furnished by the county and the fund from which it is to be paid.

"Thereafter and in accordance with such resolution the county may give aid in one or more of the following ways; viz., it may contribute money, acquire material and deliver the same, furnish engineering services or labor, or loan its road building machinery. The expense of such aid may be paid from the general fund, the general road fund or the fund composed of moneys received from the state pursuant to the vehicle act.

"All moneys, materials and other aid so received by the city must be used by it in the improvement described in the resolution and any portion thereof not used shall be returned to the county."

Respondent's contention is that the foregoing section, in so far as it purports to authorize the county of Alameda to appropriate to the city of Oakland any of its funds to be expended by and under the supervision of said city, violates the constitutional provision prohibiting a county from making a gift of public money or thing of value to a municipal corporation (art. IV, sec. 31), and also the provision which, according to respondent's construction thereof, prohibits counties from delegating the spending of or supervision over public money to any commission, corporation, or person other than the county itself and the regular county officers elected or appointed for that purpose. (Art. XI, sec. 13.)

Respondent, in support of the first contention, relies upon and quotes from the case of *Conlin* v. *Board of Supervisors,* 99 Cal. 17, 21 [37 Am. St. Rep. 17, 21 L. R. A. 474, 33 Pac. 753, 754], wherein it is said that "the 'gift' which the legislature is prohibited from making is not limited to a mere voluntary transfer of personal property without consideration, which the Civil Code, section 1146 gives as the definition of a gift; but the term as used in the constitution

includes all appropriations of public money for which there is no authority or enforcible claim . . . '' That statement of the law was sufficiently accurate and comprehensive for all the purposes of the case which was then before the court for consideration, but it is not to be regarded as necessarily determinative of the question here presented. That case involved the single question of the power of the legislature to authorize and direct a municipality to make a payment of public moneys from the city treasury to a private individual who had no valid or enforceable claim against the city therefor. There was no claim or suggestion that the moneys so directed to be paid were to be devoted to any public purpose. On the contrary, it was contemplated and intended that they should be paid to the private individual for his sole use and benefit. There was not and could not be in that case any question whether the proposed appropriation of public funds was for a private or public purpose. The purpose thereof was necessarily and admittedly private and this court held that such a use of public funds would constitute a gift such as is prohibited by the constitution. [1] In other decisions, both prior and subsequent to the Conlin case, *supra,* this court has pointed out that where the question arises as to whether or not a proposed application of public funds is to be deemed a gift within the meaning of that term as used in the constitution, the primary and fundamental subject of inquiry is as to whether the money is to be used for a public or a private purpose. If it is for a public purpose within the jurisdiction of the appropriating board or body, it is not, generally speaking, to be regarded as a gift. The case of *Sinton* v. *Ashbury,* 41 Cal. 525, involved the validity of an act of the legislature directing the auditor of the city and county of San Francisco to draw his warrant against the general fund in the treasury of the city for the payment to certain commissioners of compensation for preliminary work performed by them incident to the opening and extension of certain streets within the city. This court having first determined that the legislature had power to direct and control the affairs and property of a municipal corporation for municipal purposes, then said: ''It remains only to inquire whether the appropriation in this case was for a municipal or for a purely private purpose.'' The court then pointed out that the opening

and extension of a principal street through a city was a matter of concern to the people of the entire municipality and concluded that the act in question was clearly valid. In *Conlin* v. *Board of Supervisors,* 114 Cal. 404 [33 L. R. A. 752, 46 Pac. 279], the first Conlin case, *supra,* was reviewed and construed as holding that "the legislature holds the public moneys in trust for public purposes, and under this limitation of the constitution can make no disposal of these funds except in accordance with such purposes," and it was further pointed out that "even if it be conceded that the legislature has any control over municipal funds, the only circumstances under which it could direct their payment would be for some municipal purpose, or in satisfaction of some valid claim against a municipality." In *Veterans' Welfare Board* v. *Riley,* 188 Cal. 607 [206 Pac. 631], it was said that "The fundamental question involved . . . is the question as to whether or not such moneys are expended for a public purpose." A like conclusion was reached and expressed in varying terms in *Ingram* v. *Colgan,* 106 Cal. 113 [46 Am. St. Rep. 221, 28 L. R. A. 187, 38 Pac. 315, 39 Pac. 437] (payment of bounties for the destruction of coyotes); *O'Dea* v. *Cook,* 176 Cal. 659 [169 Pac. 366] (payment of police pensions); *Macmillan Company* v. *Clark,* 184 Cal. 491 [17 A. L. R. 288, 194 Pac. 1030] (furnishing free text-books), and *Allied Architects' Assn.* v. *Payne,* 192 Cal. 431 [221 Pac. 209] (expenditure for a memorial hall for the use of veteran soldiers and sailors). **[2]** It cannot be doubted that the proper improvement of a public street is a public purpose, and in the light of the foregoing decisions we have no difficulty in arriving at the conclusion that the appropriation here in question is not to be regarded as a gift in the sense that it is to be devoted to a private purpose as distinguished from a public one.

**[3]** But this conclusion does not entirely dispose of the question raised by respondent's first contention. Section 31 of article IV of the constitution provides in effect that the legislature shall have no power to authorize the making of any gift of any public money to any *municipal corporation.* It may reasonably be concluded, and we shall assume for the purposes hereof, that this provision would prevent the appropriation of county funds to a municipal corporation even for a public purpose, if that purpose were purely municipal and of no interest or benefit to the county as a political

subdivision. As was said in the second Conlin case, *supra,* "While the funds in a municipal treasury are in a certain sense public, they are so only for the limited public which has contributed them . . . " It is not sufficient, therefore, that the appropriation here in question be for a public purpose. It must also be for a purpose which is of interest and benefit generally to the people of the county of Alameda. The question, then, is whether the improvement of this particular street within the city of Oakland is a matter of such general county interest that the county funds may properly be expended therein. [4] We think this question must be answered in the affirmative. To begin with, we have the express finding, determination, and declaration by the board of supervisors that the proposed improvement "is of general interest to the said county of Alameda and that aid of the said county of Alameda should be extended therefor . . . " We need not pause to inquire whether this finding and determination is conclusive upon us in the absence of fraud or mistake, for the reason that its verity is in no way attacked or questioned by respondent herein. In *Sinton* v. *Ashbury, supra,* it was taken for granted that the opening of a single street within the city of San Francisco was a matter of interest and concern to the entire municipality. In *Reclamation Board* v. *Chambers,* 46 Cal. App. 476 [189 Pac. 479], it was held that the reclamation of certain lands within the Sacramento and San Joaquin Reclamation District was of statewide interest and benefit such as to justify the appropriation of state funds in aid thereof, notwithstanding the fact that an assessment had been levied upon the lands benefited thereby to pay the cost thereof. [5] In these days of the almost universal use of motor vehicles for the transportation of passengers and freight, it is a matter of common knowledge that the improvement of a street within a city may well be of much more than local interest and benefit. This is particularly noticeable in those cases where such a street connects with a county boulevard or state highway. It is not alleged that such is the situation here, but neither is the contrary alleged, and in the absence of any showing or suggestion to the contrary, we must assume that the finding and determination of the board of super-

visors that the improvement of this particular street is of general interest to the county of Alameda is in accordance with the facts.

[6] We find no merit in respondent's contention to the effect that the appropriation herein involved a delegation of power in violation of section 13 of article XI of the constitution. That section prohibits the legislature from delegating such power "to any special commission, private corporation, company, association or individual . . . " Petitioner does not come within any of the classes enumerated therein and no reason has been suggested to us why we should read into that section by implication the words "municipal corporation" which seem to have been purposely omitted therefrom.

The foregoing conclusions render it unnecessary to consider other contentions made by petitioner in support of its application.

It is ordered that a peremptory writ of mandate issue as prayed for herein.

Lawlor, J., Lennon, J., Waste, J., Houser, J., *pro tem.*, Seawell, J., and Tyler, J., *pro tem.*, concurred.