[Sac. No. 5914. In Bank. Aug. 30, 1948.]

COUNTY OF MARIPOSA, Petitioner, v. MERCED IRRIGATION DISTRICT et al., Respondents.

468

Robert Owen Curran, District Attorney (Mariposa), Virgil M. Airola, District Attorney (Calaveras), T. R. Vilas, District Attorney (Tuolumne), John L. Nourse and Ross A. Carkeet for Petitioner.

C. Ray Robinson, W. Eugene Craven, Margaret A. Flynn, P. J. Minasian, Rutherford, Jacobs, Cavalero & Dietrich and Le Roy McCormick for Respondents.

W. Coburn Cook and Charles L. Childers, as Amici Curiae on behalf of Respondents.

CARTER, J.—Petitioner county, a political subdivision of the state, seeks by mandate to compel respondents, an irrigation district, a public corporation of the state, and its directors to discontinue proceedings to include real property within the district's boundaries.

Respondent district is an irrigation district organized under the laws of this state (see, Wat. Code, div. II). Such districts are organized primarily for establishing a common water supply for irrigating the lands within the district. Respondent district, located in Merced County, owns land in petitioner Mariposa County, upon which some of its water works are situated. That land is not at present within the boundaries of the district. It is now proceeding under the law hereafter mentioned to have that land included within its boundaries or annexed to it. By having the land so included it will no longer, it is claimed, be subject to the general property tax levied by petitioner. (See, Cal. Const., art. XIII, § 1, *infra*.)

Petitioner contends that the law authorizing the inclusion of that land within the boundaries of the district is invalid in that it will frustrate the purpose of the Constitution (Cal. Const., art. XIII, § 1, *infra*) to require irrigation districts to pay taxes on land owned by them to the county in which the land is located but which land is not within the boundaries of the district.

The constitutional provision in question reads: "All property in the State except as otherwise in this Constitution provided, . . . shall be taxed in proportion to its value, . . . provided, that property . . . such as may belong to this State, or to any county, city and county, or municipal corporation within this State shall be exempt from taxation, *except such lands and the improvements thereon located outside of the county, city and county or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city and county, or municipal corporation;* provided, that no improvements of any character whatever constructed by any county, city and county or municipal corporation shall be subject to taxation." [Emphasis added.] (Cal. Const., art. XIII, § 1.) The italicized portion of the foregoing is the part here pertinent. This court held on September 14, 1946, that an irrigation district fell within the term "municipal corporation" as used in that constitutional provision and hence property owned by such districts situated outside their boundaries was subject to taxation by the county in which it was located. (*Rock Creek W. Dist.* v. *County of Calaveras,* 29 Cal.2d 7 [172 P.2d 863].) Thus in the instant case the land sought to be included in respondent district and lying within petitioner's boundaries is subject to taxation by petitioner, unless the constitutional provision may be avoided by including the land in or annexing it to the district.

At the session of the Legislature (1947) following the decision in the Rock Creek case certain provisions of the Irrigation District Law were amended in the following respects: (The italicized portion is the material added by the amendment) "No land shall be included within a district unless *either the owner has petitioned for its inclusion or* the board after an inclusion hearing determines that it can be irrigated by means of some of the works of the district or by means of practicable works connecting therewith and will be benefited by the irrigation." (Wat. Code, § 26901, as amended Stats. 1947, ch. 725.) To the part of the Irrigation District Law dealing with general matters there was added the following: "A district with respect to land owned by it may through its board sign any petition provided for in this division." (Wat. Code, § 20566.1, as added Stats. 1947, ch. 749.) There are other provisions in that part of the law dealing with who may sign petitions. Plainly the petition

referred to, that may be signed by the district, includes the one necessary when proceedings are taken for the inclusion within or annexation to the district of land situated outside its boundaries. (See, Wat. Code, div. II, pt. 11, ch. 2.)

It may be that the above 1947 changes in the Irrigation District Law were made for the purpose of enlarging or clarifying the power of a district to include land already owned by it within its boundaries although such lands are not susceptible of irrigation, such as where they were only available as sources for water supply and works, and in that fashion empowering the district to escape the taxation of such land formerly existing by reason of its location outside of the district under the above quoted constitutional provision. It should be noted, however, that the 1947 amendment of section 26901 of the Water Code may not have been necessary (that is, the provision authorizing the inclusion of land in a district upon consent of the owner, regardless of whether it was suitable for irrigation) except for the change in the Irrigation District Law in 1927. (Stats. 1927, p. 193.) Prior to that time, and when the Constitution was amended in 1914 (Cal. Const., art. XIII, § 1, *supra*), to withdraw the exemption from taxation from municipal corporations, as to their property outside their boundaries, the Irrigation District Law required that a petition for inclusion of land might be filed by holders of title representing half or more of any body of land "adjacent" to the boundary of the district. (Stats. 1897, p. 254, §§ 85, 86.) That provision does not mean that there had to be more than one property owner involved in the inclusion. The statute as it now reads: "A majority of the holders of title to any tract of land who are also the holders of title to one-half or more of the area of the tract may file in the district office a petition praying that the tract of land be included within the district," (Wat. Code, § 26876) is substantially the same except contiguity is not required. In the old law there was no requirement for adaptability for irrigation and that was the main change made by the 1927 amendment. Hence it may well be that in 1914 a district's land lying outside its boundaries could have been included or annexed by inclusion proceedings.

██ The real issue is whether the 1914 amendment to section 1 of article XIII froze the boundaries of cities, irrigation districts and the like as of 1914 insofar as the taxation of the land of such public organizations is concerned. That

is so because the acceptance of petitioner's contention would mean that no municipal corporation could thereafter annex property to it ·whether it then belonged to it or was acquired after the annexation and thereby secure the tax exemption to which it is entitled by reason of the location of the property within its boundaries. The 1914 constitutional amendment would, in effect, impliedly amend all annexation and inclusion statutes then existing so as to provide that property thereafter annexed or included thereunder would not be exempt from taxation in the event the same was acquired by the annexing corporation. And that would be in the face of all the statutory provisions authorizing annexation and inclusion that existed in 1914 and the provision in the Constitution that: ''[T]he Legislature shall have power to provide for the supervision, regulation and conduct, in such manner as it may determine, of the affairs of irrigation districts, reclamation districts or drainage districts, organized or existing under any law of this State.'' (Cal. Const., art. XI, § 13.) Although it may be that to some extent the taxation of property outside a district could be thwarted by annexation or inclusion of the property within the boundaries of the district, and ordinarily that which cannot be done directly under or by reason of a constitutional provision, cannot be achieved indirectly, we cannot believe that the intent of the 1914 amendment was to freeze the then existing conditions with reference to the status of property in relation to its exemption from taxation. The amendment, by referring to property which is not exempt, characterizes it—describes it as ''outside'' the municipal corporation. Constitutional and statutory provisions on exemptions should be construed to apply prospectively as well as presently, that is, to act upon property from time to time as it is acquired or loses its character with reference to ownership, use and the like. Ordinarily their application is not limited to the character the property happens to possess at the particular time such provisions become effective. If this were not true, and particular conditions prevailed at the time of acquisition, application to other situations later might produce anomalous results. For example, the exemption of public property (which is the general rule rather than the exception, see, *San Francisco* v. *San Mateo,* 17 Cal. 2d 814 [112 P.2d 595] ; *Housing Authority* v. *Dockweiler,* 14 Cal. 2d 437 [94 P.2d 794] ; *Anderson-Cottonwood I. Dist.* v. *Klukkert,* 13 Cal. 2d 191 [88 P.2d 685] ; *State Land Settle-*

*ment Bd.* v. *Henderson,* 197 Cal. 470 [241 P. 560]) would apply only to such property as belonged to a public agency at the time the exempting statute was passed, and that acquired in the future would not be exempt. The same would be true of other exemptions such as property used for charitable or educational purposes. Conversely, property that had an exempt status at that time would continue to be exempt although its use or ownership was changed.

The 1914 amendment should not be given an interpretation which would make it discriminatory. One of the general purposes of section 1 of article XIII is to secure uniformity in taxation. (*Watchtower B. & T. Soc.* v. *County of Los Angeles,* 30 Cal. 2d 426 [182 P.2d 178].) If petitioner's position is right, then property of a municipal corporation, situated within the boundary of such corporation in 1914 would be exempt from taxation, but property not then within the boundary of such corporation but later brought within it by inclusion or annexation of additional territory would not be. The sole factor of differentiation would be simply the time of inclusion. In both cases the property would not belong to the corporation and be within its boundaries. Likewise if property was included within or annexed to a municipal corporation after 1914, and such property was later acquired by the municipal corporation, it would not be exempt, for its character would have been irrevocably fixed as of 1914. The constitutional amendment puts two qualifications on lands which are excluded from the exemption. They must be outside the municipal corporation and such ''as were subject to taxation at the time of the acquisition of the same'' by the municipal corporation. Manifestly, the phrase ''at the time of acquisition of the same'' refers to and modifies only the clause ''as were subject to taxation'' and not the clause ''located outside of the . . . corporation owning the same.'' That is to say, the amendment does not mean that property located outside the boundaries at the time of acquisition is taxable even though later included within the boundaries of the corporation, while property inside the corporation at the time of acquisition is not taxable. The only differentiating factor would be time or manner of procedure. The land could be annexed and then acquired by the corporation, and thus escape taxation. But if it first were acquired by the corporation, then annexed, it would not. Such an illogical intent will not be assumed. The whole issue of whether it was or was

not taxable would hinge on which step, inclusion or annexation, was taken first.

■ It is urged by petitioner that it has a vested right granted by the Constitution to tax property of irrigation districts and that to authorize the district to include property in its boundary and thus escape taxation without notice or hearing is unconstitutional; and that there is really no hearing, for the petition for inclusion is filed with the board of directors of the district, thus authorizing the district to decide its own matter. That is nothing more than another way of stating the argument first discussed with reference to the interpretation of article XIII, section 1, of the Constitution. Correctly construed the constitutional provision contemplates that very power, that is, the power to annex additional area and thus incidentally achieve tax exemption. The major premise of that provision is that property owned by governmental agencies is not taxable. It is only an exception that makes taxable some of its property. Moreover, petitioner cites no authority, and we have found none, which holds that a county has a vested right to tax district property. Thus it can hardly be doubted that the Legislature could directly enlarge the boundaries of districts insofar as the right by counties to tax is involved.

■ The 1947 amendment to the Irrigation District Law, contends petitioner, does not authorize a district to include land unless it can be irrigated with water furnished by the district; and further in that connection, that it is not contemplated that the district itself may petition to include its own land. The language of section 26901 of the Water Code, heretofore quoted, is clearly broad enough to embrace a district. It refers to a petition by the "owner" of the land. There is nothing that excludes the district from being such an owner. True, in dealing with the *formation* of a district the land embraced therein must be susceptible of irrigation, but the very failure to place such a limitation on later annexed land, shows an intent not to impose such requirement in that case. There are different factors involved in formation proceedings, such as the justice of not including, and thus burdening with assessments, lands that receive no benefit. When the *owner* petitions for inclusion he consents to the lack of benefits if such is physically the case. He is in no position to object. In exclusion proceedings the same factors authorize the exclusion of land which cannot be benefited by the irrigation system. ■ Section 26876 of the Water Code provid-

ing that the majority of the holders of title to any tract of land, who are also the holders of title to half or more of the area of the tract, may petition for inclusion, is in harmony with the provision authorizing a petition by the district. Certainly there does not have to be more than one owner under that section to qualify for an inclusion petition.

 Nor is the asserted rule, that statutes do not include the state or its subdivisions unless they are expressly mentioned, applicable. The reference is to owners of land and the district may be such an owner. The foundation for the rule is the policy against the derogation of sovereignty. It has been said: "Statutes are ordinarily designed for the government of citizens and residents rather than the state, and it is settled that the state is not bound by general words of a statute or code provision *which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it,* unless the intent to bind it thereby otherwise clearly appears." [Emphasis added.] (23 Cal.Jur. 625.) Here the district is a political subdivision of the state and it is being *given* powers rather than having them taken away.

The fact that bills (which did not pass) were introduced in the Legislature at the 1947 session when section 26901 was amended, which flatly exempted all district lands from taxation does not alter the interpretation. Plainly one factor involved in their failure of passage was that they were squarely contrary to article XIII, section 1, of the Constitution. The 1947 amendment authorizes inclusion, and there is implicit therein whatever consequences that may flow from having the land in the district.

 It is urged that there is an unlawful delegation of power to the district directors to affect county financial affairs in violation of the constitutional clause reading: "The Legislature shall not delegate to any special commission, . . . any power to make, control, appropriate, supervise or in any way interfere with any county, city, town or municipal improvement, money, property, or effects, whether held in trust or otherwise, or to levy taxes or assessments or perform any municipal function whatever, except that the Legislature shall have power to provide for the supervision, regulation and conduct, in such manner as it may determine, of the affairs of irrigation districts, reclamation districts or drainage districts, organized or existing under any law of this State." (Cal.

Const., art. XI, § 13.) The acts authorized by the Legislature in the instant case is annexation or inclusion of additional land within the district's boundaries. The effect that has upon taxation by the county—the presence or lack of exemption from taxation—is only one incidental result that happens to flow from the inclusion. Thus the districts are not really empowered to interfere with the counties' taxing power and process. To support petitioner's argument the absurd result would follow that every grant of an exemption from taxation would be a violation of that constitutional provision, for an individual having a right to an exemption would have within his power to take property from the tax rolls by acquiring the property—his acquisition being at his own whim and caprice. By virtue of section 1 of article XIII itself, property of public agencies is exempt from taxation, and thus whenever they acquire property it attains that status. On various grounds in analogous situations it has been held that such transition does not constitute a violation of article XI, section 13, of the Constitution. (See, *Joint Highway Dist. No. 13* v. *Hinman,* 220 Cal. 578 [32 P.2d 144] ; *City of Pasadena* v. *Chamberlain,* 204 Cal. 653 [269 P. 630] ; *Esberg* v. *Badaracco,* 202 Cal. 110 [259 P. 730] ; *Doyle* v. *Jordan,* 200 Cal. 170 [252 P. 577] ; *City of Oakland* v. *Garrison,* 194 Cal. 298 [228 P. 433] ; *Henshaw* v. *Foster,* 176 Cal. 507 [169 P. 82] ; *People* v. *Town of Ontario,* 148 Cal. 625 [84 P. 205] ; *Gadd* v. *McGuire,* 69 Cal.App. 347 [231 P. 754] ; *Peterson* v. *Board of Supervisors,* 65 Cal.App. 670 [225 P. 28].)

■ Petitioner claims that permitting the district to file a petition, authorized by its directors, for inclusion within its boundaries of land owned by it is an executive function, and that its determination of the petition is judicial; that hence it is granted powers to exercise both executive and judicial functions in violation of the separation of powers doctrine. We see no reason why a district could not have been authorized to include its own land within its boundaries merely by resolution of its directors. Presumably the directors will protect the interests of the owners of land in the district, and the district is the only land owner involved in the land to be included. We fail to see where the petitioner county has any grounds to object to this procedure. If it could be done in that way we see no invalidity in pursuing the petition method.

■ Moreover it is settled that the separation of powers provision of the Constitution does not apply to local governments as distinguished from departments of the state government.

(*Holley* v. *County of Orange,* 106 Cal. 420 [39 P. 790] ; 5 Cal. Jur. 660-663.)

It is argued in the brief of amicus curiae that *Rock Creek etc. Dist.* v. *County of Calaveras, supra,* holding that the property of irrigation districts lying outside their boundaries is not exempt from taxation, should be overruled. We are satisfied that that decision is sound.

The petition for a peremptory writ of mandate is denied. The alternative writ is discharged.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied September 27, 1948.