[Civ. No. 8400.   Third Dist.   Apr. 19, 1954.]

TURLOCK IRRIGATION DISTRICT (a Corporation), Appellant, v. COUNTY OF TUOLUMNE, Respondent.

(Two Cases)

Jeremy C. Cook, W. Coburn Cook and Vernon F. Gant for Appellant.

T. R. Vilas, District Attorney (Tuolumne), and Ross A. Carkeet for Respondent.

*Assigned by Chairman of Judicial Council.

PAULSEN, J. pro tem.*—The appeals herein are taken from two judgments which denied recovery of real property taxes paid under protest to the county by the irrigation district.

The corporate boundaries of appellant district, until December 13, 1948, were the counties of Merced and Stanislaus. For the purpose of carrying on its activities in those counties, the district acquired property in respondent county, and it is admitted that the property so acquired was on the tax rolls and was being taxed by the county at the time. In 1924 appellant constructed the Don Pedro Dam in said county, and ever since its property there has been used in the performance of its functions as an irrigation district and for power development. It is also used and so held on behalf of the Modesto Irrigation District.

The county continued to assess and collect taxes on the property after it was acquired by the district. These taxes were paid under protest and some time before the year 1921 appellant brought suit for the recovery of the taxes so paid and for injunctive relief. It prevailed in the action and in 1921 the Supreme Court, in *Turlock Irr. Dist.* v. *White,* 186 Cal. 183 [198 P. 1060, 17 A.L.R. 72], affirmed the judgment which permanently enjoined the county and its officers from levying taxes on the property, and held that the tax levies theretofore made were void.

The sole question involved in that case was whether or not the irrigation district was a municipal corporation within the meaning of section 1 of article XIII of the Constitution of California as that section stood after the amendment of 1914.

The pertinent parts of said section read:

"All property in the State except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided . . . provided, that property . . . such as may belong to the United States, this State, or to any county, city and county, or municipal corporation within this State shall be exempt from taxation, except such lands and the improvements thereon located outside of the county, city and county, or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city and county, or municipal corporation; provided, that no improvements of

*Assigned by Chairman of Judicial Council.

any character whatsoever constructed by any county, city and county or municipal corporation shall be subject to taxation. All lands or improvements thereon, belonging to any county, city and county or municipal corporation, not exempt from taxation, shall be assessed by the assessor, etc. . . ."

After an exhaustive review of the authorities and the history of the amendment of 1914, the court held that an irrigation district was not a municipal corporation within the meaning of the section as amended, and that the district was therefore exempt from taxation of its property in Tuolumne County. The county thereupon ceased to tax it.

Section 1 of article XIII of the Constitution was again amended in 1944, but the provisions quoted above were not changed and continue in that form to the present time.

In 1946 the Supreme Court again had occasion to review the section and the purposes of the 1914 amendment in the case of *Rock Creek Water Dist.* v. *County of Calaveras*, 29 Cal.2d 7 [172 P.2d 863]. Upon a reconsideration of the situation that gave rise to the amendment and the purpose for its adoption, the holding in *Turlock Irr. Dist.* v. *White*, *supra*, was expressly disapproved and it was held that a water district *and irrigation district* also, were municipal corporations within the meaning of the amendment and therefore subject to the kind of taxation here under attack.

As a result of the decision in the Rock Creek case the property was again taxed by respondent county. Appellant paid both installments of the 1947-1948 tax and on December 3, 1948, paid the first installment of the 1948-1949 tax, all such payments being made under protest.

A proceeding to have the said real property included within the boundaries of the district, in accordance with the 1947 amendment to the Irrigation District Act, was completed on December 13, 1948, and said real property is now, and ever since has been, within the boundaries of the district.

Appellant brought these actions to recover for the taxes paid; the first for taxes paid for 1947-1948 and the second for taxes paid for 1948-1949. The court held that appellant had no right to recover taxes paid for 1947-1948; or to recover the first installment paid for 1948-1949, but enjoined the county and its officers from collecting or attempting to collect the second installment for that fiscal year.

Appellant now argues that the action of the court enjoining collection of the second installment referred to proved that the whole tax levied for that fiscal year was void. There is

no merit to this argument. The change of boundaries could not work retroactively, and whether the court was correct or not concerning the effect of the change prospectively, after the first installment became due and was paid, the injunction could not affect the payment of the first installment if it was valid and collectible at the time of payment.

Appellant's principal contention on these appeals is that the Rock Creek case did not overrule the Turlock Irrigation District case inasmuch as the Rock Creek case involved a *water district*. The pivotal question in each case was the meaning of the term "municipal corporation" as used in the constitutional provision, and it was specifically construed to include *irrigation districts*. It was there pointed out that—

"Plaintiff's chief function, like irrigation districts, is to supply water for irrigation to landowners within its boundaries. It operates substantially the same as an irrigation district under the California Irrigation District Law. (Water Code, §§ 20500 et seq.)"

And if there was any doubt as to whether or not the Turlock Irrigation District case was overruled by the Rock Creek case—and we do not think there was—the Supreme Court removed that doubt in *County of Mariposa* v. *Merced Irr. Dist.*, 32 Cal.2d 467 [196 P.2d 920], where it said at page 470, referring to the Rock Creek case:

"This court held on September 14, 1946, that an irrigation district fell within the term 'municipal corporation' as used in that constitutional provision and hence property owned by such districts situated outside their boundaries was subject to taxation by the county in which it was located."

Finally, appellant contends that in view of the injunction granted in the Turlock Irrigation District case, the matter is res judicata. The effectiveness of the injunction depended upon the state of the law that gave rise to it. As soon as the court in the Rock Creek case had ruled that the property was taxable, it became the duty of the taxing officials under the constitutional provision cited, and the laws made pursuant thereto, to assess all the property in the county not exempt from taxation.

The judgments are affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1954.