[Civ. No. 8615. Third Dist., May 18, 1955.]

ROCK CREEK WATER DISTRICT, Respondent, v. COUNTY OF CALAVERAS, Appellant.

(Two Cases)

Joseph S. Huberty, District Attorney, and Virgil M. Airola for Appellant.

Jones, Lane, Weaver & Daley, Minasian & Minasian and Rutherford, Jacobs, Cavalero & Dietrich for Respondent.

VAN DYKE, J.—These actions were brought by Rock Creek Water District, hereinafter called "district," to recover taxes paid to the county of Calaveras, hereinafter called "county." The district is organized under the California Water District Act. All of the lands originally within its boundaries are located in Stanislaus County. In 1942 the district purchased a reservoir site, franchises, water rights and easements for the purpose of affording a water supply to the lands within its boundaries. The purchased property was all located in the county of Calaveras and was being taxed by the county at the time of acquisition by the district. These taxes were levied under the mandate of the California Constitution, article XIII, section 1, which requires that all property in the state, except as otherwise provided in the

Constitution, be taxed. Certain exemptions are then declared, including an exemption applicable to property belonging to the state or to any county, city and county or municipal corporation within the state. ■ This exemption would free the subject property herein from taxation since it is owned by the district and was owned by it when these taxes were levied. The exemption was inapplicable, however, until and unless the property was within the boundaries of the district, for the Constitution provided that land and improvements thereon located outside of the district and which was subject to taxation at the time of its acquisition by the district should not be exempt. On October 21, 1948, the board of directors of the district began proceedings to include the subject property within the district's boundaries and completed these proceedings on December 15, 1948. The district purported to act under the provisions of section 48 et seq. of the Water District Act, now appearing in section 37486 et seq. of the Water Code. Notwithstanding the inclusion proceedings, the county continued to tax the property. For the tax year 1949-1950 it levied a tax thereon of $806.35, which amount was paid by the district without a valid protest. The tax for the year 1950-1951 was for the sum of $870.55, and this sum likewise was paid by the district without a valid protest. Thereafter and acting under the provisions of sections 5096 and following of the Revenue and Taxation Code, which sections provide a proceeding for the refunding of taxes erroneously or illegally collected, the district asked the supervisors of the county to refund such sums. The claim for refund was rejected and the district filed suit to recover the taxes paid for the two years involved. For the tax year 1951-1952 the county taxed the same property for $901.36. This amount was paid by the district under written protest and a second action was begun to recover these taxes acting under the sections of the code providing for the recovery of taxes paid under protest. The two cases were consolidated for trial and judgment was rendered in favor of the district in each case. The county appeals. It was the contention of the district in the trial court and it is its contention on appeal that by the proceedings taken it included within its boundaries its water supply property; that once that inclusion had been accomplished the property was no longer taxable since no longer falling under the exception to the general exemption of state and state agency owned property from

taxation. The county has at all times contended that the inclusion proceedings were void and hence that the taxes in issue here were lawfully levied and cannot be recovered.

A number of the reasons advanced by the county for the invalidity of the inclusion proceedings have, since the filing of the briefs herein, been considered by this court in *Oakdale Irr. Dist.* v. *County of Calaveras*, opinion this day filed (*ante,* p. 127 [283 P.2d 732]), relying in the main upon the Supreme Court opinion in *County of Mariposa* v. *Merced Irr. Dist.*, 32 Cal.2d 467 [196 P.2d. 920]. Section 48 et seq. of Act 9125, Deering's General Laws, provide that the owners of land may file with the board of directors of a water district a petition asking that their lands be included therein. Provisions are made for hearing the petition after notice and it is provided that if the board of directors, after such hearing, determines that the petition complies with the statutory requirements, and that inclusion of the land described in the petition will be for the best interests of the district, the board shall order the boundaries of the district changed to include such portions of the land as the board deems it for the best interests of the district to include. It is then provided that "no land shall be so included unless the board, . . . , shall determine that it can be irrigated by means of some of the works of the district or by means of practicable work connecting therewith and will be benefited by such irrigation." If the board determines that not all of the land shall be included it can include portions of the land described in the petition if the owners thereof consent to the inclusion of such selected portions. There are other provisions with which we are not here concerned. In the order of inclusion the district's board of directors found that all of the property described in the petition could be irrigated from the works of the district and that the sole owner had consented in writing to its inclusion. The county attacks the finding that the property thus declared included within the district's boundaries could be irrigated from the works of the district and would be benefited by such irrigation, as being false to the point of fraudulency, and asserts that the finding cannot be considered in testing the sufficiency of the inclusion proceedings to accomplish their purpose. We are referred to no evidence that the reservoir and the distributing system which constitute the property here involved could be "irrigated" from and by the system and we agree with the county that it is ridiculous to suppose that the property could or would be

so irrigated. The district contends that the statutory requirement of a finding that the lands to be included can be irrigated from the district's works has no application to the property here involved. The district says that the requirement is obviously intended for the protection of property owners whose lands are included in those which the petitioner seeks to have included within the district; that such owners are given the opportunity to appear and protest that their lands cannot be so irrigated; and that the fact that this provision is only for the protection of such owners is indicated by the further provisions that permit lands not capable of irrigation to be included if the owners thereof consent. We think these contentions of the district cannot be upheld in view of the wording of the statute. The Legislature has directed the mode in which lands may be included within a water district and has delegated to the board of directors the power to proceed to that end, but only by substantial compliance with the statutory conditions. Those conditions are clearly stated. Not only does the statute say that no land shall be included unless it can be irrigated by some of the works of the district, but also that such irrigation must benefit said lands. In the instant case the property sought to be included could not conceivably be benefited by irrigation, even though irrigable in its natural state. We hold that the district in the inclusion proceedings did not comply with the statutory requirements and that for that reason the subject property was not included by the action taken. That, however, does not mean that it is not now included.

After the district had completed its proceedings for inclusion and had purportedly, by order of its board of directors, included the subject property within its boundaries, various validation acts were passed by the Legislature. We think we need refer only to the earliest of these, found in chapter 781 of the Statutes of 1949. This act is known as the "Validating Act of 1949" and it took effect on June 30th of that year. After defining the term "public body" as including water districts, the act provides as follows:

"All acts and proceedings heretofore taken by any public body under any law, or under color of any law, for the annexation or inclusion of territory into any such public body are hereby confirmed, validated, and declared legally effective. This shall include all acts and proceedings of the governing board of such public body and of any person, public officer,

board or agency heretofore done or taken upon the question of the annexation or inclusion of such territory.

. . . . . . . . . .

"This act shall operate to supply such legislative authorization as may be necessary to validate any such acts and proceedings heretofore taken which the Legislature could have supplied or provided for in the law under which such acts or proceedings were taken.

"This act shall be limited to the validation of acts and proceedings to the extent to which the same can be effectuated under the State and Federal Constitutions."

That the Legislature could include the subject properties within the boundaries of the district by direct legislative action, that the Legislature could have authorized the inclusion by the district on its petition to itself, granted by itself, of these same properties, whether or not they were irrigable by the works of the district, and that appellant county had no vested right to continue to tax these properties once they were included, are matters settled by the decision of the Supreme Court in *County of Mariposa* v. *Merced Irr. Dist.*, above. ■ It is a general rule that whatever the Legislature has power to authorize to be done it has power to ratify and confirm when done irregularly or not in the mode previously described. Of course the curative act cannot be applied to disturb vested rights. (*Redlands* v. *Brook*, 151 Cal. 474 [91 P. 150]; 11 Cal.Jur.2d 653.) Said the Supreme Court in *Miller* v. *McKenna*, 23 Cal.2d 774, 781-782 [147 P.2d 531]:

"The Legislature may cure irregularities or omissions to comply with provisions of a statute which could have been omitted in the first instance. The rule is quoted from Cooley on Constitutional Limitations, at page 457, as follows: 'If the thing wanted or failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute; and if the irregularity consists in doing some act, or in the manner or mode of doing some act, and which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law.' "

■ We hold that the failure of the district to comply with the statutory requirements governing the mode of inclusion of the subject property within its boundaries could be and was cured by a validating act passed by the Legislature

thereafter and that the effect of the Validating Act of 1949 was to ratify and confirm the inclusion of the subject property within the boundaries of the district. ██ The county could not, therefore, tax the subject property after the validating act went into effect on June 30, 1949. But since the curative act could not disturb vested rights it could collect and keep as taxes legally levied by it upon the subject property those taxes which had been so levied and assessed and constituted a lien thereon before that date. The district, therefore, cannot through its action recover taxes for the first year, 1949-1950. Those taxes were levied and assessed and constituted a lien upon the property before June 30, 1949. (*Turlock Irr. Dist.* v. *County of Tuolumne,* 124 Cal.App.2d 611 [269 P.2d 129].)

We think no further matters argued in the briefs need to be discussed.

For the reasons given, the judgment rendered is modified so as to deny recovery to the district of the taxes for the year 1949-1950. In other respects the judgment is affirmed, and the trial court is directed to enter a modified judgment in accordance herewith.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied June 10, 1955, and appellant's petition for a hearing by the Supreme Court was denied July 13, 1955.