GERMAN MASONIC TEMPLE ASSOCIATION OF THE CITY OF NEW YORK, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

Argued December 5, 1938; decided January 10, 1939.

454

*Eugene Cohn* for appellant. Exemption of charities from the municipal sales tax and the right of any person aggrieved by the unauthorized imposition of that tax to a declaratory judgment are well established. The complaint, read in the light of the rule that its allegations are to be taken as true, makes out plaintiff's charitable status. (*Y. M. C. A.* v. *City of New York*, 159 Misc. Rep. 539; 251 App. Div. 821; 276 N. Y. 619; *Matter of N. Y. U.* v. *Taylor*, 251 App. Div. 444; 276 N. Y. 620; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y. 668; *Dun & Bradstreet, Inc.,* v. *City of New York*, 276 N. Y. 198; *National City Bank* v. *Waggoner*, 243 App. Div. 305; 270 N. Y. 592.) Plaintiff is a charity and, as such, exempt from the sales tax. (*Corbett* v. *St. Vincent's Industrial School*, 79 App. Div. 334; 177 N. Y. 16; *Matter of Huntington*, 168 N. Y. 399; *People ex rel. German Masonic Temple Assn.* v. *Goldfogle*, 136 Misc. Rep. 100; 229 App. Div. 863; 255 N. Y. 586; *Matter of Allen*, 76 Misc. Rep. 88.) That plaintiff

maintains and operates an institution such as the Temple for the purpose of providing revenue used for the maintenance of its asylum does not affect its charitable status. (*County of Nobling* v. *Hamlin University,* 46 Minn. 316; *People ex rel. Trustees of Masonic Hall* v. *Farrell,* 130 Misc. Rep. 142; *Matter of Allen,* 76 Misc. Rep. 88; *National Navy Club* v. *City,* 122 Misc. Rep. 89; *Butterworth* v. *Keeler,* 219 N. Y. 446.) Immunity from payment of the sales tax comes to plaintiff by force of a public policy consistently pursued by the State and expressed in actions of its legislative and executive branches and not by grace of the exemption which the local laws extend to what it calls semi-public institutions. (*Socony-Vacuum Oil Co.* v. *City of New York,* 247 App. Div. 163; 272 N. Y. 668; *Matter of Huntington,* 168 N. Y. 399; *Matter of Moses,* 138 App. Div. 525; *People ex rel. Trustees of Masonic Hall Assn.* v. *Miller,* 279 N. Y. 137; *Matter of W. S. A. & P. R. R. Co.,* 115 N. Y. 442; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Grimmer* v. *Tenement House Dept.,* 205 N. Y. 549; *Behan* v. *People,* 17 N. Y. 516; *Jewell* v. *City of Ithaca,* 36 Misc. Rep. 499; 72 App. Div. 220.) The complaint sufficiently alleges the existence of a judiciable controversy. (*Commonwealth of Australia* v. *Queensland,* 29 Commonwealth Law Rep. 1; *Spooner, O., Ltd.,* v. *T. V. C. Bd.,* [1932] 4 Dominion Law Rep. 750; *N. C. & St. L. Ry. Co.* v. *Wallace,* 288 U. S. 249.)

*William C. Chanler, Corporation Counsel* (*Sol Charles Levine, Arthur A. Segall* and *Charles H. Birdsall* of counsel), for respondents. The courts below properly dismissed the complaint which failed to allege such special facts or circumstances as would warrant a departure from the administrative procedure prescribed by the local laws for testing out liability to tax. (*Lewis* v. *City of Lockport,* 276 N. Y. 336; *Matter of New York University* v. *Taylor,* 276 N. Y. 620; *United States* v. *West Virginia,* 295 U. S. 463; *Y. M. C. A.* v. *City of New York,* 251

App. Div. 821; 276 N. Y. 619; *Kalman* v. *Shubert,* 270 N. Y. 375; *Socony-Vacuum Oil Co.* v. *City of New York,* 247 App. Div. 163; 272 N. Y. 668; *New York R. T. Corp.* v. *City of New York,* 275 N. Y. 258; 303 U. S. 573; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *1024 Third Avenue Corp.* v. *City of New York,* 254 App. Div. 853; *Ramsey* v. *City of New York,* 254 App. Div. 658; *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41; *Matter of Western Electric Co.* v. *Taylor,* 276 N. Y. 309; *Matter of Syracuse Masonic Temple,* 270 N. Y. 8; *Newburger* v. *Lubell,* 257 N. Y. 383.) Plaintiff is not a semi-public institution within the meaning of the local laws. (*Matter of Kennedy,* 240 App. Div. 20; 264 N. Y. 691; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245; *People ex rel. New York Lodge B. P. O. E.* v. *Purdy,* 179 App. Div. 805; 224 N. Y. 710; *B'nai Brith Club, Inc.,* v. *City of New York,* 270 N. Y. 12; *Matter of Syracuse Masonic Temple,* 270 N. Y. 8; *People ex rel. German Masonic Temple Assn.* v. *Goldfogle,* 255 N. Y. 586; *Brewster* v. *Gage,* 280 U. S. 327; *Matter of Armitage* v. *Board of Education,* 122 Misc. Rep. 586; 210 App. Div. 812; 240 N. Y. 548.) Plaintiff is organized and operated for profit. (*People ex rel. German Masonic Temple Assn.* v. *Goldfogle,* 136 Misc. Rep. 100; 229 App. Div. 863; 255 N. Y. 586.) Plaintiff is not supported by public subscription or endowment within the meaning of the local laws. (*Matter of Kennedy,* 240 App. Div. 20; 264 N. Y. 691.)

*Per Curiam.* Since the material allegations of the complaint are constructively admitted, there is no issue of fact and a declaratory judgment may appropriately be directed. (*Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198.)

We think that on the facts alleged by the pleading the plaintiff is not within the exemption for " those charitable and religious institutions which are supported wholly or in part by public subscriptions or endowment

and are not organized or operated for profit." (Local Law No. 29, 1935 [§ 1, ¶ [h], § 2] and Local Law No. 31, 1936 [§ 1, ¶ [h], § 2] of City of New York.) Concededly the plaintiff association is operated for profit. It is not enough that all its profits are devoted to the maintenance of an asylum which is purely charitable in character. The exemption does not extend to such a situation.

The judgments dismissing the complaint should be reversed and judgment directed for the defendants in accordance with this opinion, with costs in all courts.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN and HUBBS, JJ., taking no part.

Judgment accordingly.