DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Respondent, v. MARION J. SLOCUM, as General Chairman of Lackawanna Division No. 30 of the Order of Railroad Telegraphers, Appellant, et al., Defendants.

Third Department, June 29, 1945.

*John F. Dwyer,* attorney for appellant.

*Sayles, Flannery & Evans,* attorneys (*Pierre W. Evans* of counsel), for respondent.

HILL, P. J.   The defendant Slocum, chairman of Lackawanna Railroad Telegraphers, appeals from an order denying his motion for judgment dismissing plaintiff's complaint under rules 112 and 113 of the Rules of Civil Practice.   The plaintiff in its complaint asks for a judgment which shall declare the rights and legal relations of plaintiff and the Lackawanna Division of Railroad Telegraphers under the existing contract of collective bargaining, insofar as it relates to the work performed by three crew callers working at the station and yards of plaintiff in the City of Elmira, N. Y., and the rights and relations between the plaintiff and the defendant (not appealing) Lackawanna Division of Clerks, Freight Handlers, Express and

Station Employees under the agreement of collective bargaining between the plaintiff and that division concerning the work performed by these crew callers. A controversy exists between the plaintiff railroad company and defendant unions. It arose following a decrease in the number of telegraphers employed at the Elmira terminal and the addition of three crew callers to the working force. The unions have appeared by separate attorneys, pleaded the contracts that exist, and each asks relief that the complaint be dismissed, leaving the controversy to be adjudicated under the Railway Labor Act (U. S. Code, tit. 45, § 151 *et seq.*) before the National Railroad Adjustment Board at Chicago, Ill. Plaintiff-respondent asserts that the Supreme Court of New York is the most convenient forum for the trial of the issues of law concerning these three local employees of the plaintiff interstate railroad.

It has been decided that although the Railway Labor Act permits controversies arising under employment contracts to be determined before the National Railroad Adjustment Board at Chicago, Ill., this does not deprive State courts of jurisdiction. (*Moore* v. *Illinois Central R. Co.*, 312 U. S. 630.)

An action for a declaratory judgment may be maintained although a statutory method is provided for determining the controversy sought to be litigated. (*German Masonic Temple Assn.* v. *City of N. Y.*, 279 N. Y. 452.) A real controversy exists under the contracts. The courts of this State furnish a more convenient forum for the trial of the issues than the statutory board which functions in a distant State. Under such conditions, plaintiff should not be denied the right to litigate here and obtain a judgment declaratory of its obligations under the contracts. (*Rockland Light and Power Co.* v. *City of New York*, 289 N. Y. 45; *Woollard* v. *Schaffer Stores Co.* 272 N. Y. 304.)

The order should be affirmed, with costs.

All concur.

Order affirmed, with costs.