DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Respondent, v. MARION J. SLOCUM, as General Chairman of Lackawanna Division No. 30 of the Order of Railroad Telegraphers, Appellant, et al., Defendants.— This is an appeal by Marion J. Slocum, as General Chairman of Lackawanna Division No. 30 of the Order of Railroad Telegraphers, from a declaratory judgment of the Supreme Court, Chemung County, entered on March 7, 1946, which declared that the crew callers in the Elmira Yard Office of the plaintiff and the positions held by them and the work assigned to them by the plaintiff are within the plaintiff's agreement with the clerks' union and not within the plaintiff's agreement with the telegraphers' union. The judgment further declared that the telegraphers' union and its general chairman and members are estopped by their acts and conduct as well as by their agreement from claiming such positions or any part of the work assigned to said crew callers. Although the National Railroad Adjustment Board is a proper body to hear controversies arising under employment contracts pursuant to the Railway Labor Act (U. S. Code, tit. 45, § 151 *et seq.*), nevertheless, State courts are not deprived of jurisdiction under the circumstances of this case. (*Delaware, Lackawanna & Western R. R. Co.* v. *Slocum,* 269 App. Div. 467; *Moore* v. *Illinois Central R. R. Co.,* 312 U. S. 630.) The *Pitney* case (*Order of Ry. Conductors* v. *Pitney,* 326 U. S. 561) upon which appellant relies was a decision relating to the dual capacity of the court, but did not overrule the holding of the *Moore* case (*supra*). The dispute between the parties arose mainly under the construction of agreements entered into between the railroad and the Order of the Railroad Telegraphers, and also between the railroad and the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees. The court below properly construed the contracts and had the power in its discretion to declare the rights and legal relations of the parties by declaratory judgment. (Civ. Prac. Act, § 473.) Judgment appealed from unanimously affirmed, with costs. Present— Hill, P. J., Brewster, Foster, Russell and Deyo, JJ. [See *post,* p. 1076.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER GULLA, Appellant.— Defendant appeals from a judgment of the County Court, Sullivan County, convicting him after trial of the crime of grand larceny in the first degree; and from an order denying a motion for a new trial on the ground of newly discovered evidence. Defendant contends that at most the evidence against him amounted to no more than suspicious circumstances. In our view the direct and circumstantial evidence against him was sufficient for the jury to find him guilty beyond a reasonable doubt of the crime charged. We find no prejudicial errors in the admission of evidence. Nor do we find that the trial court committed reversible error in failing to charge on the law of confession. Some oral admissions by the defendant were put in evidence as a part of the People's case, and without objection. There was no contention made at the trial, and no proof, that such admissions were made as the result of duress or violence of any kind. The motion for a new trial on the ground of newly discovered evidence was based chiefly upon the fact that an automobile license plate RK 175, claimed by the People to have been substituted for a license plate on one of the cars involved in the crime, was at the time in the possession of another party. The trial court held that even if the People were mistaken about this matter there was sufficient other evidence to warrant a conviction. Judgment of conviction, and order denying a motion for a new trial unanimously affirmed. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.