[Civ. No. 17487.   Second Dist., Div. Two.   Mar. 13, 1950.]

JOHN CAPITAIN, Appellant, v. L. A. WRECKING COMPANY et al., Defendants; ATLANTIC SAVINGS AND LOAN ASSOCIATION et al., Respondents.

Barry Sullivan for Appellant.

Hindman & Davis for Respondents.

WILSON, J.—Plaintiff has appealed from a judgment in favor of defendants Atlantic Savings and Loan Association and Dominic Dinoto entered after the sustaining of their demurrer to the amended complaint without leave to amend. He has also purportedly appealed ''from the plaintiff's Motion to Vacate Order made on the 17th day of June 1949 and from the plaintiff's Motion for Leave to File a Second Amended Complaint.'' It is assumed that it was plaintiff's intention to appeal from the order denying his motions.

The judgment in favor of the defendants mentioned was entered on June 29, 1949. On July 1, plaintiff filed a notice of motion to vacate the order sustaining the demurrer without leave to amend and for an order permitting the second amended complaint to be filed, and a separate notice of motion for an order to permit the filing of the second amended complaint. Both motions were denied on July 7 as to defendants Atlantic Savings and Loan Association and Dinoto.

Plaintiff does not contend in his brief that the amended complaint to which the demurrer was sustained stated a cause of action, nor does he contend that the second amended complaint, which the court did not permit to be filed, stated a cause of action. In fact, the only point made by plaintiff in his brief is that he had a right to amend ''when it appears that a cause of action could be stated.'' Plaintiff does not point out in his brief that a cause of action could have been stated. It has not been made to appear that the court was in error in sustaining the demurrer to the amended complaint nor that the court abused its discretion in refusing leave to file the second amended complaint.

Furthermore, the court was without power to permit the filing of the second amended complaint without first vacating the judgment which had been entered on June 29. The notices of July 1 did not contain a notice of motion to vacate the judgment but merely to permit the filing of a second amended complaint. There was no error in the ruling of the court.

Judgment affirmed. Treating the purported appeal from ''plaintiff's motion[s]'' as being an appeal from the order made after judgment denying the motions, the order is affirmed.

Moore, P. J., and McComb, J., concurred.