[Civ. No. 22417. Second Dist., Div. Two. Dec. 17, 1957.]

HARRY JEROME WILSON, Appellant, v. BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION et al., Respondents.

198

John J. Guerin and Lionel Richman for Appellant.

Harold W. Kennedy, County Counsel and Edward H. Gaylord, Deputy County Counsel, for Respondents.

RICHARDS, J. pro tem.*—This is an appeal from a judgment for respondents on the pleadings in an action for declaratory relief and for writs of mandamus. Appellant, as a permanent employee of the classified civil service of the county of Los Angeles since 1936, except for military leave, and as a member of the retirement system of said county under the

*Assigned by Chairman of Judicial Council.

County Employees Retirement Law of 1937 (Gov. Code, §§ 31450-31822), on behalf of himself and others similarly situated, filed his first amended complaint containing 10 causes of action. The first seven causes of action sought a declaratory judgment as to the rights of appellant and others under said retirement law and the eighth cause of action sought a declaration as to the rights of county employees to vacation benefits in accordance with such benefits allowed in private industry. [1a] The ninth and tenth causes of action for writs of mandamus are corollary to the seventh and eighth causes for declaratory relief; the ninth, to compel the board of retirement to give appellant credit toward retirement for prior employment by the city of Los Angeles and for military service, and the tenth, to compel the board of supervisors to fix a prevailing wage providing vacation benefits for county employees in accord with such benefits allowed in private industry. Respondents filed notice of motion, on the pleadings, for judgment that the court make the declarations set forth in their notice of motion as to the eight causes of action for declaratory relief and for judgment that appellant was not entitled to a writ of mandamus. Contemporaneously therewith respondents filed a general and special demurrer which was placed off calendar. The respondents' motion for judgment on the pleadings was granted and a judgment was thereupon entered specifically declaring the rights of the parties in favor of respondents and against the appellant as to the controversies in the causes of action for declaratory relief and adjudging that appellant was not entitled to a writ of mandamus.

Appellant's opening brief is devoid of any claim of error as to the merits of the declarations of the rights of the parties as decreed by the court on the counts for declaratory relief. His only contentions are that, the respondents' motion for judgment on the pleadings having been granted, the court was limited to the entry of a judgment of dismissal and erred in rendering a judgment on the merits, and further, that the court erred in not granting him leave to amend his complaint, such leave having been requested by him prior to the submission of respondents' motion for judgment on the pleadings.

■ It is a settled rule that in an action in which the complaint alleges sufficient facts to show the existence of an actual controversy within the provisions of section 1060 of the Code of Civil Procedure and requests that the respective rights and duties of the parties be adjudged, it is the duty of the

court to declare such rights and duties whether or not the facts alleged establish that the plaintiff is entitled to a favorable declaration and that it is error to sustain a demurrer without leave to amend to such a complaint. (*Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 549-550 [305 P.2d 20]; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]; *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 728-729 [146 P.2d 673, 151 A.L.R. 1062].)

■ If the complaint is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is appropriate, it is error for the trial court to enter a judgment on the pleadings dismissing the action. (*Chas. L. Harney, Inc.* v. *Contractors' etc. Board,* 39 Cal.2d 561, 565 [247 P.2d 913]; *Sullivan* v. *San Francisco Art Assn.,* 101 Cal.App.2d 449, 455 [225 P.2d 993].)

■ It is established, as appellant contends, that a motion for a judgment on the pleadings, if it attacks the sufficiency of a complaint to state a cause of action, is tantamount to a general demurrer. (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 812-813 [161 P.2d 449]; *Byson* v. *City of Los Angeles,* 149 Cal. App.2d 469, 472 [308 P.2d 765]; *Davis* v. *City of Santa Ana,* 108 Cal.App.2d 669, 685 [239 P.2d 656].) ■ It is likewise settled that a motion by defendant for a judgment on the pleadings which attacks the sufficiency of the complaint to state a cause of action should not be granted "without first giving the party an opportunity to elect whether he will stand on his pleadings or amend them." (*MacIsaac* v. *Pozzo, supra,* p. 816.) However, in this action respondents' motion for a judgment on the pleadings did not attack the sufficiency of the appellant's amended complaint to state causes of action for a declaratory judgment. As a motion for a judgment on the pleadings, it admitted as true all of the well-pleaded facts alleged in appellant's complaint (*Davis* v. *City of Santa Ana, supra,* p. 685) and sought, as a matter of law, the particular declarations of the rights and duties of the parties as set forth in the notice of motion with respect to the admitted allegations of the amended complaint.

■ The difference in function of a motion for a judgment on the pleadings directed to the sufficiency of such pleading and a motion for judgment, in an action for declaratory relief, that a declaration of the rights and duties of the parties be made upon the allegations of the complaint is explained in *Strauss* v. *University of State of New York,* 282 App.Div. 593 [125 N.Y.S.2d 821], in which the court said at page 824

"When the practice obtaining on motions addressed to a complaint seeking a declaratory judgment is examined it will be observed that the procedural situation differs somewhat from that in the usual action. If the complaint shows a good ground upon which the court will grant judgment on the subject matter of the controversy the complaint is good and will not be dismissed even though the plaintiff is wrong on the merits of his contention. The complaint will stand as a pleading although the court might think that defendant would be entitled to the declaration in his favor. The procedural theory is that such a complaint states a good ground for declaratory judgment . . . The indicated procedure would be for defendant to move on the pleadings for judgment that the declaration be made, but that it be made in favor of the defendant. This would seem to reach the procedural problem where no triable issue is presented."

■ The propriety of adjudicating the respective contentions of the parties upon the pleadings in an action for declaratory relief by means of a motion for judgment on the pleadings is recognized and established in this state. In *Essick* v. *City of Los Angeles,* 34 Cal.2d 614 [213 P.2d 492], an action for declaratory relief was filed in which the plaintiff sought to have declared null and void certain ordinance provisions and a resolution passed by the city council relating to the granting of "conditional use permits." The defendants filed motions to dismiss which were granted and a judgment entered accordingly. On appeal, the court held that the granting of the conditional use permit did not violate and was not prohibited by the city charter. The court modified the judgment stating at pages 624-625 that "However, as was held in *Maguire* v. *Hibernia S. & L. Soc.* (1944), 23 Cal.2d 719, 728-731 [146 P.2d 673, 151 A.L.R. 1062] . . ., rather than a judgment of dismissal the trial court should have entered its judgment decreeing expressly (as is implied by the judgment of dismissal) that the plaintiffs are not entitled to declarations in their favor, which they seek." Accordingly the court directed that the judgment of the trial court be modified by striking therefrom the words "the plaintiffs take nothing by this action and the same is hereby dismissed," and inserting in lieu thereof "the resolution [of the council] . . . granting the application of the defendant Forest Lawn Company . . . for a conditional use permit for cemetery purposes, . . . is not null or void, and does not violate and is not prohibited by the charter of the City of Los Angeles;

and that the conditional use permit . . . is valid as against all contentions of plaintiffs at issue in this suit.'' There is a striking analogy between the adjudications made by the trial court in the instant case, and the modifications directed to be made in the Essick case by the Supreme Court. It is to be noted also that no answer was filed in the Essick case but only the motions to dismiss and that while the defendants' motions were for dismissal rather than for a judgment on the pleadings, it is clear that the Supreme Court, in modifying the judgment, treated the matter as though a motion for judgment on the pleadings had been made.

*Perkins* v. *Sommers*, 117 Cal.App.2d 32 [254 P.2d 913], was an action for declaratory relief in which the second amended complaint sought to have declared void a contract for the purchase and sale of real property. The defendants demurred and at the hearing thereon the defendants made an oral motion for a judgment on the pleadings, notice of which was waived by the plaintiffs. The trial court sustained the demurrer and rendered a judgment on the pleadings declaring that the written contract of purchase was valid. On appeal it was held ''that the judgment was a proper declaration of plaintiffs' rights on the facts pleaded in the complaint'' (p. 33). ▇▇ In Anderson on Declaratory Judgments at page 816, the rule is thus stated: '' [W]here the material allegations of the complaint are constructively admitted, and there is no issue of fact to be decided, a declaratory judgment may properly be granted upon the pleadings.'' Among other authorities sustaining the propriety of declaring the rights of the parties upon a motion for judgment on the pleadings is *Manufacturers & Traders Trust Co.* v. *Bell*, 270 App.Div. 796 [59 N.Y.S.2d 615], in which an appeal was taken from an order granting defendant's motion for judgment on the pleadings and dismissing the complaint in an action for a declaratory judgment. The judgment was reversed and the court was directed to enter a declaratory judgment in favor of the defendant. The court said at page 616: ''Where, however, it is found that the complaint states a good cause of action for a declaratory judgment and the facts are not in dispute, a declaratory judgment should be pronounced upon the disputed question of law, even though such declaration is not in accord with the declaration asked for by the plaintiff.'' To the same effect: *German Masonic Temple Ass'n* v. *City of New York*, 279 N.Y. 452 [18 N.E.2d 657]. ▇▇ We are satisfied that in granting the respondents' mo-

tion for a judgment on the pleadings which was made in this case, the trial court was not limited to rendering a judgment of dismissal predicated upon the failure of appellant's complaint to state a cause of action and by reason of the constructive admission of the facts pleaded in the complaint, that no error was committed in directing and rendering a judgment on the merits declaring the rights and duties of the parties with respect to the controversies alleged.

Appellant is correct in his contention that a trial court should not deny leave to amend upon granting a motion for judgment on the pleadings directed to the insufficiency of a complaint to state a cause of action where the facts indicate that a party probably has a good cause of action, but that it has been pleaded imperfectly or defectively. (*Beverage* v. *Canton Placer Mining Co.*, 43 Cal.2d 769, 778 [278 P.2d 694] ; *MacIsaac* v. *Pozzo, supra,* 26 Cal 2d 809, 815-816.) However, the foregoing rule has no application to the instant case as to the causes of action for a declaratory judgment as none of them were found by the trial court to be insufficient to state a cause of action and appellant's argument is silent as to any respect in which he could have amended his various causes of action for declaratory relief so as to state a cause or causes of action which would result in a declaration in his favor.

As previously mentioned, appellant's opening brief does not raise any issue as to the merits of any of the declarations made by the trial court on the causes of action for declaratory relief. However, respondents' brief does discuss the merits of each such cause of action and appellant's closing brief replies to respondents' arguments on the merits as to the first, third and eighth causes of action only and we shall therefore limit ourselves to a consideration of the merits as to those causes.

The essence of appellant's first cause of action is that the County Employees Retirement Act of 1937, chapter 677, Statutes of 1937, was enacted as a general law and became effective on August 27, 1937; that sections 40 and 41 of said act provided, among other things, for the establishment in any county of a retirement system for the officers and employees of a county by the acceptance of the provisions of said act by an ordinance passed by four-fifths vote of the board of supervisors; that said sections of the act also specified that the provisions of said act would become operative in such county on either the first day of January or the first day of

July next, as specified in the ordinance, but not sooner than 60 days after the passage of said ordinance, and that whenever the provisions of said act should become operative in a county, a retirement association should be organized as provided in said act; that, on or about October 19, 1937, the Board of Supervisors of the County of Los Angeles by unanimous vote of all members of said board adopted ordinance Number 3008 (New Series) and thereby made effective in said county the provisions of said chapter 677, Statutes of 1937, but that said board of supervisors failed to specify in said ordinance either the first day of January or the first day of July next, or any day at all, on which the provisions of said chapter 677, Statutes of 1937, would become operative in said county, and thereby by reason of said omission prevented the provisions of said act from becoming operative in said county on January 1, 1938, or on any day at all; and that an actual controversy exists between the parties as to whether said ordinance was legally sufficient to make the provisions of said County Employees Retirement Act of 1937 operative in said county of Los Angeles. The judgment herein declares that all of the provisions (with certain exceptions not material to this discussion) of the County Employees Retirement Law of 1937 are in effect in said county, and that, by the provisions of said ordinance Number 3008, the County Employees Retirement Law of 1937 and all future amendments (except as specifically stated otherwise in said law) became, and now are operative in the county of Los Angeles.

Section 40 of the County Employees Retirement Act of 1937, chapter 677, Statutes of 1937 (now Gov. Code, §§ 31500-31501), as it read on October 19, 1937, provided in pertinent part: "There is established in any county . . . a retirement system for its officers and employees . . . by the acceptance of the provisions of this act . . . by an ordinance passed by four-fifths vote of its board of supervisors. The provisions of this act become operative in such county on either the first day of January, or the first day of July next, as specified in the ordinance, but not sooner than 60 days after the passage of the ordinance." The board of supervisors having passed said ordinance Number 3008 by unanimous vote, thereby accepting the provisions of said County Employees Retirement Act of 1937, it is manifest that in accordance with the provisions of the first sentence of section 40 of said act, a retirement system was "established" under said act for the officers and employees of said county. Appellant contends

without argument or citation of authority that there is a conflict over the date the retirement system became "operative" in said county, if at all. Subject to the limitation that the provisions of the act shall not become operative in a county sooner than 60 days after the passage of the ordinance, the section simply provides that the provisions of the act shall become operative in such county on either the first day of January, or the first day of July next "as specified in the ordinance." In the context, the words "as specified in the ordinance" indicate that the legislative intent was to permit the board of supervisors of a county to select and designate the operative date within the limits prescribed; and the provision does not compel the conclusion that the legislative intent was to require that the operative date necessarily be specified in the ordinance of acceptance, nor that a retirement system so established by the passage of the ordinance of acceptance could and would only become operative in the event that the operative date was expressly specified in the ordinance. ■ It has been established that the "operative" date is merely a date of convenience to the officers in charge of the retirement system for bookkeeping, retirement or other reasons; that the controlling factor is the "effective" date of the ordinance of acceptance; and that, from the "effective" date of such ordinance, the officers and employees of a county, which has by ordinance accepted the provisions of the Retirement Law of 1937, have a vested right to future retirement benefits under a retirement system so established. (*Ross* v. *Board of Retirement,* 92 Cal.App.2d 188, 193 [206 P.2d 903] ; see also *Thurston* v. *County of Los Angeles,* 117 Cal.App.2d 618, 621 [256 P.2d 588].) ■ Since the "operative" date is merely a date of convenience to the officers in charge of the retirement system and since the controlling date is the "effective" date of the accepting ordinance at which time the rights of appellant and other employees of the county under said retirement system become vested, it would be unreasonable to hold that the provisions of the act required that the "operative" date be specified in the ordinance of acceptance, and that, in default of such specification, the provisions of the act would never become operative.

■ In any event, any defects or irregularities in the ordinance were cured, and said ordinance was confirmed, validated, and made legally effective and operative by the Validating Act of 1939, chapter 593, Statutes of 1939. (Statutes of 1939, chapter 593; *Miller* v. *McKenna,* 23 Cal.2d 774, 782 [147

P.2d 531] ; *Rock Creek W. Dist.* v. *County of Calaveras,* 133 Cal.App.2d 141, 146 [283 P.2d 740] ; *Golden Gate Bridge etc. Dist.* v. *Felt,* 214 Cal. 308, 323 [5 P.2d 585].)

Appellant alleges in his said first cause of action that he is now and has been continuously since on or about September 28, 1936, a permanent employee of the county of Los Angeles; that he is now and has been since January 1, 1938, a regular member of the retirement system in the county of Los Angeles under the Retirement Law of 1937; and that from on or about September 28, 1936, to the time the County Employees Retirement Law of 1919 was superseded by the Retirement Law of 1937, he was a member of the retirement system under said County Employees Retirement Law of 1919. Said allegations make it clear that, although appellant was an employee of said county and a member of retirement systems established by said county prior to and ever since the passage of said ordinance Number 3008, he has allowed some 19 years to elapse before instituting action although the defects in the ordinance of which he complains in his said first cause of action were as readily apparent and discoverable at the time of the enactment of the ordinance as they were some 19 years later; and secondly we may infer from said allegations that said retirement system so established by said ordinance was regarded and treated as having become operative on January 1, 1938, and, since that time, said retirement system has beeen conducted and operated on said basis. Since an action for declaratory relief is an equitable proceeding, it cannot properly be held that the trial court erred under such circumstances in declining to extend equitable aid to an attempt to have said ordinance declared void and to declare inoperative a retirement system which has been regarded and considered as in operation since January 1, 1938, and under which in all probability numerous county employees have retired and large sums have presumably been paid in retirement benefits since 1938. Besides appellant's great delay in instituting action in regard to which no excuse or explanation has been alleged, the trial court could not close its eyes to the self-evident circumstances that the interest and rights of numerous other persons were involved.

Appellant in his reply brief for the first time urges that his said first cause of action presents many questions of fact which must be ascertained before any declaration of the rights and duties of the parties can be declared. In this connection, appellant states that said ordinance Number 3008,

which he attached as an exhibit to his complaint and which was made a part of his first cause of action by appropriate allegations, provided that said ordinance was to be published "for at least one week in Los Angeles Daily Journal, a newspaper printed and published in the County of Los Angeles." Appellant then contends that, when issue is joined on the allegations of his first cause of action, the evidence will prove that said ordinance was published only one time instead of for at least one week; that said newspaper at the time of the publication was not a newspaper adjudicated by judicial decree to be a newspaper of general circulation in said county, and was not adjudicated to be such a newspaper until May 5, 1954; and that said newspaper had such a limited and restricted circulation that publication therein was insufficient to constitute notice of the ordinance to the voters of said county. We assume that appellant is contending in his closing brief that ordinance Number 3008 never took effect for lack of publication and as a result the provisions of the Retirement Law of 1937 were never accepted by said county and no retirement system under said act ever became effective in said county. ▇▇▇ Under the well-recognized rule that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before (*Hibernia Sav. & Loan Soc.* v. *Farnham,* 153 Cal. 578, 584 [96 P. 9, 126 Am.St.Rep. 129] ; Witkin on California Procedure, pp. 2341-2342 and cases cited) and no reason having been advanced by appellant for his failure to raise this point in his opening brief we decline to give further consideration to this contention which is in direct contravention to the allegations of his verified complaint that the adoption of ordinance Number 3008 on October 19, 1937, made effective in said county the provisions of County Employees Retirement Law of 1937.

The essence of the allegations of appellant's third cause of action is that the County Employees Retirement Law of 1937 was amended in 1949 by adding thereto section 31676.1 of the Government Code [a section which specifies how and in what manner and amount such pensions are to be computed and allowed to members of the County Employees Retirement System in any county having a population in excess of 295,000 as of the ninety-first day following the adjournment of the 1953 Session of the Legislature, or in any other county whose board of supervisors adopts by majority vote a resolution providing that said section shall become applicable in such

county]; that neither said section 31676.1 as added in 1949 nor any of the amendments thereto, have ever been adopted by ordinance by the Board of Supervisors of the County of Los Angeles; that said section 31676.1 as enacted and as amended is wholly ineffective and inoperative in the county of Los Angeles for the reason that it purports to fix retirement compensation of assistants, deputies, clerks, attachés and other persons employed by said county in contravention of the plenary power of the board of supervisors so to do under the provisions of article III, section 11(3) of the charter of the county of Los Angeles (which said article III, section 11(3) of said charter provides that: ''It shall be the duty of the Board of Supervisors: . . . (3) To provide, by ordinance, for the numbers of assistants, deputies, clerks, attachés, and other persons to be employed from time to time in the several offices and institutions of the county, and for their compensation . . . .''); and that an actual controversy exists between the parties as to whether the retirement compensation of assistants, deputies, clerks, attachés and other persons employed by the county of Los Angeles may be fixed by the Legislature through the enactment of general laws without such general laws being adopted by the Board of Supervisors of the County of Los Angeles, and as to whether said section 31676.1 as enacted and as amended is effective and operative in the county of Los Angeles in view of the fact that neither said section nor the amendments thereto. have ever been adopted by ordinance by the Board of Supervisors of the County of Los Angeles. In rendering judgment for defendants on the pleadings, the trial court declared that said section 31676.1 as originally enacted and as amended is valid and effective in the county of Los Angeles, and does not unlawfully derogate the authority of the board of supervisors of said county to determine salaries and wages.

Two principal questions are presented: First, whether the provisions of said section 31676.1 in specifying how and in what manner and amount pensions are to be computed and allowed to retiring county employees, interferes with the power and right of the board of supervisors to provide by ordinance for the compensation of county employees in accordance with the provisions of article III, section 11(3) of the charter of said county and as provided for in article XI, section 7½ of the state Constitution; and secondly, whether the provisions of said section 31676.1 and amendments thereto must be adopted by ordinance of the board of supervisors

before said provisions can become effective and operative in said county of Los Angeles. As to said first question, it seems clear that the power and right to provide for the compensation to be paid to county employees still remains vested in and can be effectively exercised by the county board of supervisors, and that the provisions of section 31676.1 do not interfere with the exercise of such right and power. The actuarial equivalent of the value to county employees of their retirement rights can be readily ascertained and taken into consideration by the board of supervisors in determining the amounts of salaries or wages to be provided for county employees; and accordingly the determination of the compensation to be paid to county employees still remains within the power and control of the board of supervisors. In connection with appellant's contention that there is a conflict between the provisions of said section 31676.1 and the provisions of the charter of the county of Los Angeles, appellant for the first time in his reply brief contends that, in addition to the alleged conflict betweeen section 31676.1 of the Government Code and article III, section 11(3) of the charter, said section 31676.1 conflicts with the provisions of article X, section 47, of the county charter, which declares that the board of supervisors ". . . shall, in each instance, provide a salary or wage at least equal to the prevailing salary or wage for the same quality of service rendered to private persons, firms or corporations . . ." Appellant's contention is that, while the said provision of the county charter provides that salaries and wages of county employees should be provided with reference and relation to prevailing salaries and wages, the Legislature in enacting said section 31676.1 has provided that retirement compensation should be computed in accordance with a schedule not related to prevailing salaries and wages. Here again, it seems sufficient to observe that nothing in said section 31676.1 prevents the board of supervisors from exercising its power and duty to provide salaries or wages at least equal to said prevailing salaries and wages.

 As to the question of whether the provisions of said section 31676.1 and amendments thereto have to be adopted by ordinance passed by the board of supervisors before they are or can become effective in· the county of Los Angeles, it is to be noted first that there was no requirement in said section as originally enacted in 1949 that the provisions of said section be accepted or adopted by ordinance; and that, in the section as subsequently amended and as it read at the

time of the filing of the action herein, it is only with respect to counties having a population less than 295,000 that a resolution of the board of supervisors adopting the provisions of said section is required in the event that the board of supervisors of such a county elect to have the provisions of said section made applicable to such a county.

 With reference to said section 31676.1 as contrasted with section 40 of the original act of 1937 and with present sections 31500 and 31501 of the Government Code requiring acceptance of the provisions of the retirement law to affect the establishment of a retirement system, it seems clear that the legislative intent was that the provisions of section 31676.1 were to be operative and effective without any necessity or requirement that any ordinance be passed accepting or adopting the provisions of said section. It has been assumed in many cases arising out of the retirement law that subsequent amendments to the County Employees Retirement Law (Stats. 1931, chap. 268) were effective and operative without necessity of adopting the amendments by ordinance. For example see: *Packer* v. *Board of Retirement*, 35 Cal.2d 212 [217 P.2d 660]; *Thurston* v. *County of Los Angeles*, 117 Cal.App.2d 618 [256 P.2d 588]; and *Wicktor* v. *County of Los Angeles*, 141 Cal.App.2d 592 [297 P.2d 115].

For the several reasons stated we conclude that said section 31676.1 of the Government Code does not conflict nor interfere with the power and duty of the Board of Supervisors of the County of Los Angeles to provide for the compensation of county employees; that it was not necessary nor required that said section and the amendments thereto be accepted and adopted by an ordinance of said board of supervisors; and that accordingly the trial court did not err in declaring that said section 31676.1 as enacted and as amended is valid and effective in said county and does not unlawfully derogate the authority of the board of supervisors of said county to determine salaries and wages.

 The essence of the allegations of appellant's eighth cause of action is that section 47 of article X of the charter of Los Angeles County provides that the board of supervisors shall provide salaries and wages at least equal to the prevailing salary or wage for the same quality of service; that section 48 of said charter provides that every person who shall have been in the service of the county continuously for one year shall be allowed a vacation of two weeks on full pay annually; that, in the salary ordinance adopted by the

board of supervisors of said county for the fiscal year 1956-57, said board failed to provide for employees of the county a salary or wage at least equal to the prevailing salary or wage for the same quality of service rendered to private persons, firms and corporations by reason of its failure and refusal to consider vacation benefits as granted in private industry for persons employed in the classified civil service of said county. In rendering judgment for defendants on the pleadings, the trial court declared that the granting to county employees of not more than two weeks vacation is not contrary to section 47 or any other portion of the charter of the County of Los Angeles, and is not contrary to the requirement that employees of the said county be paid at least the prevailing salary or wage paid for like work by private employers. The trial court further declared that such determination rests in the valid discretion of the authorities, and is not abused.

Said section 47 of article X of said charter provides: "In fixing compensation to be paid to persons under the classified civil service, the Board of Supervisors shall, in each instance, provide a salary or wage at least equal to the prevailing salary or wage for the same quality of service rendered to private persons, firms or corporations under similar employment in case such prevailing salary or wage can be ascertained."

Said section 48 of article X of said charter provides: "Every person who shall have been in the service of the county, continuously, for one year, shall be allowed a vacation of two weeks on full pay, annually." ▮ It is established that a specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates. (*Rose* v. *State*, 19 Cal.2d 713, 724 [123 P.2d 505].) ▮ Accordingly with respect to the particular subject of vacations, the specific provisions of section 48, govern herein rather than the general provisions of section 47. Even assuming that appellant may be correct in his contention that section 48 only establishes the minimum vacation which must be allowed and does not necessarily prevent the board of supervisors from granting more than two weeks of paid vacation annually, it is clear that there is no mandatory duty on the part of the board of supervisors to grant more than two weeks of paid vacation annually.

We turn now to a consideration of the two causes of action which sought a writ of mandamus each of which was the sub-

ject matter of a previous cause of action for declaratory relief. The respondents' motion for a judgment on the pleadings was granted as to the counts seeking mandamus and judgment rendered that appellant was not entitled to a writ of mandamus. As to these counts, the respondents' motion for a judgment on the pleadings was in the nature of a general demurrer and in granting the respondents' motion the court in effect sustained a demurrer to each count without leave to amend.

By his ninth cause of action, appellant sought a writ of mandamus to compel the respondent board of retirement to give him retirement credit for public service in the armed service, for prior public service as a civil service employee of the city of Los Angeles and for certain public service as a civil service employee of the county of Los Angeles in the year 1933. His complaint alleges that he became entitled to receive such retirement credit in the retirement system of said county by reason of the enactment of chapter 363, Statutes of 1955. By said chapter 363, the Legislature added to the Government Code as a part of the County Employees Retirement Law of 1937, sections 31470.7, 31478, 31479, 31480, 31641.1, 31641.2, 31641.3, 31641.4, 31641 8 and 31641.9, which provide for giving credit for certain services with the United States, the state and certain other public entities. Said chapter 363 also added section 31641.95, which reads: "Sections 31470.7, 31478, 31479, 31480, 31641.1, 31642.2, 31641.3, 31641.4, 31641.8 and 31641.9 may only be applicable in any county or district on the first day of the month after the governing board of such county or district adopts, by majority vote, a resolution providing that those sections shall become applicable in such county or district."

There is no allegation in appellant's complaint that the Board of Supervisors of Los Angeles County has adopted the resolution required by section 31641.95 in order to entitle its employees to retirement credit for services to other public agencies, nor did appellant in his request for leave to amend or in his briefs on appeal suggest that the complaint can be amended to state the adoption of said section by said board of supervisors. Appellant presents no argument or citation of authority that, in the absence of the adoption of the resolution as required by section 31641.95, credit for services to other public agencies must be allowed to the employees of the county of Los Angeles and under the well-recognized rule we will therefore treat any claimed error in the decision of

the court sustaining the demurrer as waived or abandoned. *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 807 [241 P.2d 639] ; 4 Cal.Jur.2d, pp. 318-320; Witkin on California Procedure, p. 2332, and cases cited.)

Appellant's tenth cause of action sought a writ of mandamus to compel the respondent board of supervisors to fix a prevailing wage which would provide vacation benefits for county employees in accord with such benefits allowed in private industry. This same matter was the subject of appellant's eighth cause of action for declaratory relief which has been previously discussed and concerning which we have agreed with the determination of the trial court that there was no mandatory duty on the part of the board of supervisors to provide vacation benefits for county employees similar to such benefits in private industry.

█ The ruling of the trial court in sustaining the demurrer to the ninth and tenth causes of action is obviously correct in that no mandatory duty has been shown to exist on either of the respondent boards to perform the acts for which the writs were sought. "It is elementary that mandamus issues only 'to compel the performance of an act which the law specially enjoins' (Code Civ. Proc., § 1085)." (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 326 [253 P.2d 659].) Moreover, appellant's briefs contain no suggestion that he could amend either the ninth or tenth causes of action so as to allege a mandatory duty on either of respondent boards and thus be entitled to a writ of mandate. (*Capitain* v. *L. A. Wrecking Co.,* 96 Cal.App.2d 465, 466 [215 P.2d 532] ; *Howard* v. *Southern Calif., etc. Newspapers,* 95 Cal.App.2d 580, 586 [213 P.2d 399].)

The judgment is affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied January 13, 1958, and appellant's petition for a hearing by the Supreme Court was denied February 11, 1958.