Henry Epstein, J.
This is an action for a declaratory judgment. The plaintiffs are licensed employment agencies. The defendant is the Commissioner of Licenses of the City of New York. The motion is by the plaintiff for summary judgment.
It has been the custom of employment agencies to require prospective job applicants to make a deposit or advance fee to insure their good faith in using a reference of the agency and to further protect the agency from irresponsible applicants. It has also been the practice to supply receipts for such deposits.
The plaintiff agencies attempt to fill job vacancies of the class B type. By the Laws of 1958 (ch. 893) effective September 1,1958, the General Business Law (which provisions govern the activities of employment agencies) was amended. Subdivision 3 of section 185 of the General Business Law reads in part as follows: “ 3. Deposits, advance fees. Notwithstanding any other provisions of this section, an employment agency may require a deposit or advance fee from an applicant for class ‘ A ’ or class ‘ Al ’ employment (as hereinafter defined) only, before such employment has been obtained, to the extent of the maximum fees hereinafter provided.”
The defendant Commissioner of Licenses has interpreted the above-mentioned statutory language to mean that deposits or advance fees were limited to employment agencies for “ A ” or “ Al ” employment. The word “ only” in the statute is the key to this problem.
The plaintiffs claim that “only” refers to the amount of deposit that applicants for class “A” or “ Al ” employment would have to pay. This interpretation is more reasonable from a reading of the statute than that of the commissioner. If *600 the questioned provision quoted above is read without the clause “ before such employment has been obtained” there can be no argument as to the meaning of the section. However, even including the latter clause (which is redundant because by definition deposits or advance fees are made before employment is obtained) it would require a strained interpretation to conclude that “only” referred to class “A” or “ Al ” rather than “ to the extent of the maximum fees.” This conclusion is limited to the question posed and does not determine that other classes of employment can be made to pay deposits in excess of the maximum fees.
The question here is one of law, there is nothing factual to be determined. The commissioner objects to this action on the ground that the plaintiffs have other legal remedies, one of which is exposing themselves to criminal prosecution. The remedy here sought is proper. The meaning of a statute is involved. This is not. an attempt to restrain a criminal prosecution on disputed facts — it is strictly a question of law. Defendant’s position is contrary to the heretofore accepted and approved practice and is not warranted by the amended statute. Plaintiff is entitled to a declaratory judgment. (German Masonic Temple Assn. v. City of New York, 279 N. Y. 452; Terrace v. Thompson, 263 U. S. 197, 216.) Nothing in the legislative history of this amendment lends support to the commissioner’s position. Other sections of the statute (§§ 179, 181) are without meaning unless the above construction be applied to the amendment.
The motion is granted. Settle order and judgment.