TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 93-417 |
| of | : : | August 25, 1993 |
| DANIEL E. LUNGREN<br>Attorney General | : : : | |
| CLAYTON P. ROCHE<br>Deputy Attorney General | : : : : | |

THE HONORABLE MICHAEL H. KRAUSNICK, COUNTY COUNSEL, STANISLAUS COUNTY, has requested an opinion on the following question:

May a county issue an encroachment permit to an irrigation district to lay water pipes along or under a county highway without first granting a franchise to the district?

CONCLUSION

A county may issue an encroachment permit to an irrigation district to lay water pipes along or under a county highway without first granting a franchise to the district.

ANALYSIS

We are informed that an irrigation district is constructing an underground water delivery system. Approximately three miles of pipe will be laid underneath county roads. The rest of the water delivery system will either be along the irrigation district's own canals, crossing various county roads, or under the streets of an incorporated city.

The question presented for resolution is whether the district may obtain an encroachment permit from the county without also having to obtain a franchise[1] from the county for placement of the pipe. We conclude that the permit may be obtained without having to obtain a franchise from the county.

---

[1] "A franchise is a privilege conferred upon an individual or a corporation for use of a sovereign body's property. [Citation.]" (*Southern Pacific Pipe Lines, Inc.* v. *City of Long Beach* (1988) 204 Cal.App.3d 660, 666.) While "the power to *grant* franchises to use the highways for secondary purposes, (such as pipelines under those highways), is generally delegated to the local subdivisions of the state," the state itself may directly grant franchises. (Ibid.)

Sections 1450-1470 of the Streets and Highways Code provide for the issuance of encroachment permits by a county for the placement of structures or objects in, under, or over county highways by a public agency or public utility. Streets and Highways Code section 1460 states:

"The road commissioner may issue written permits, as provided in this chapter, authorizing the permittee to do any of the following acts:

"(a) Make an opening or excavation for any purpose in any county highway.

"(b) Place, change or renew an encroachment.

"(c) Place or display in, under or over any county highway any kind of advertising sign or device. Any such sign or device placed or displayed contrary to the provisions of this section is a public nuisance and the road commissioner may immediately remove it. The provisions of this section shall not prohibit the posting of any notice in the manner required by law or by order of any court of this state.

"(d) Plant, remove, cut, cut down, injure or destroy any tree, shrub, plant or flower growing within any county highway.

"Any person who does any of the acts specified in this section, without the authority of such a permit, is guilty of a misdemeanor and is liable to the public agency for all expenses and damages caused thereby."

This statutory scheme, however, contains the following limitation upon its applicability:

"This chapter shall only apply to any works or facilities of any public agency or public utility if such works or facilities are installed pursuant to franchise in, under or over any public highway. . . ." (Sts. & Hwys. Code, § 1450.)

"Public agency" includes a "district." (Sts. & Hwys. Code, § 1450, subd. (c).)

Several statutes authorize the granting of franchises by a county with respect to the use of the county's roadway system. Government Code section 26001 contains a general grant of authority to a county board of supervisors to grant franchises. It provides:

"The board may grant franchises along and over the public roads and highways for all lawful purposes, upon such terms, conditions, and restrictions as in its judgment are necessary and proper, and in such manner as to present the least possible obstruction and inconvenience to the traveling public.

"Any general law applicable to the granting of franchises by municipal corporations and counties throughout the State for purposes involving the furnishing of any service or commodity to the public or any portion thereof shall be complied with in the granting of any franchises by the board of supervisors."

Under the Franchise Act of 1937 (Pub. Util. Code, §§ 6201-6302),[2] "[t]he legislative body of any municipality may grant a franchise to any person, firm, or corporation . . . to lay and use

_____

[2]All references to the Public Utilities Code are by section number only.

pipes, ditches, flumes, conduits, and appurtenances for transmitting and distributing water for all purposes, under, along, across, or upon the public streets . . . ." (§ 6202.) A "municipality" for purposes of this statutory scheme is expressly defined to include a county. (§ 6201.5; see *Southern Pacific Pipe Lines, Inc.* v. *City of long Beach, supra,* 204 Cal.App.3d at pp. 666-670; *County of Kern* v. *Pacific Gas & Electric Co.* (1980) 108 Cal.App.3d 418, 424-425.)

Pursuant to an alternative legislative scheme, the Broughton Act (§§ 6001-6017), a county may follow a different procedure for granting franchises with respect to various uses of the county's streets. (See *Southern Pacific Pipe Lines, Inc.* v. *City of Long Beach, supra,* 204 Cal.App.3d at pp. 666-667; *County of Kern* v. *Pacific Gas & Electric Co., supra,* 108 Cal.App.3d at pp. 412-426.)

On the other hand, if the Legislature has by statute specifically authorized an irrigation district to place its pipes along or underneath county roads, such in and of itself would constitute a statutory franchise. (See *Pac. Tel. & Tel. Co.* v. *City and County of S.F.* (1959) 51 Cal.2d 766, 769-771; *County of L.A.* v. *Southern Cal. Tel. Co.* (1948) 32 Cal.2d 378, 385-386; 59 Ops.Cal.Atty.Gen. 376, 378 (1976); 19 Ops.Cal.Atty.Gen. 57, 59 (1952).) Accordingly, in such circumstances an encroachment permit could be obtained under Streets and Highways Code section 1460 without the district having to also acquire a separate franchise from the county.

The provisions of the Irrigation District Law (Wat. Code, §§ 20500-29978) are ambiguous concerning whether irrigation districts have been granted a statutory franchise by the state to place their pipes along or underneath county roads. Section 22431 of the Water Code provides:

"A district may construct any works across any watercourse, road, railway, conduit, or other property subject or devoted to public use in a manner that will afford security to life and property. The district shall restore the property crossed as near as may be to its former state or so as not to have impaired unnecessarily its usefulness."

Water Code section 22475 states:

"There is granted to every district the right to construct and operate in a manner affording security for life and property electric light and power lines along, over, under, or upon any road or across any railway or conduit which the route of the lines intersects or runs along."

This statutory scheme thus provides that an irrigation district may construct "works across any . . . road" and may construct "electric light and power lines along, over, under, or upon any road." One inference is that this statutory difference in language is significant; irrigation districts have a statutory franchise to construct pipelines only *across* county roads but not along or under them.

We believe, however, that a complete answer to the question presented is found in the Public Utilities Code rather than the Water Code. Section 10101 of the former code states:

"There is granted to every municipal corporation of the State the right to construct, operate, and maintain water and gas pipes, mains and conduits, electric light and power lines, telephone and telegraph lines, sewers and sewer mains, all with the necessary appurtenances, across, along, in, under, over, or upon any road, street, alley, avenue, or highway, and across, under, or over any railway, canal, ditch,

or flume which the route of such works intersects, crosses, or runs along, in such manner as to afford security for life and property."

In *State of California* v. *Marin Mun. W. Dist.* (1941) 17 Cal.2d 702, the court held that the term "municipal corporation" as used in the predecessor provision to section 10101 was not restricted to municipal corporations in the technical sense. The court gave the statute an expansive interpretation so as to include a municipal water district organized under the Municipal Water District Act. The court stated:

> "Defendant [municipal water district] must be considered a municipal corporation within the meaning of these enactments. Its functions are substantially the same as those water districts operated by cities or counties. It is a corporate body organized to supply water to a defined area including both incorporated and unincorporated territory, and it has the power of taxation. It is reasonable to construe these statutes as granting a right of way in state highways to public water corporations of this type as well as those operated by cities and counties . . . ." (*Id.*, at p. 702.)

We believe that this same reasoning is applicable to irrigation districts organized under the Irrigation District Law.

> Support for our conclusion may be found in a line of cases analyzing the state constitutional provisions exempting from taxation the property of, among others, "municipal corporations." (Cal. Const., Art. XIII, §§ 3, 11.) In *Rock Creek Etc. Dist.* v. *County of Calaveras* (1946) 29 Cal.2d 7, the Supreme Court ruled that an irrigation district was a "municipal corporation" for purposed of the constitutional tax exemption. It adopted the following analysis:

> "`An irrigation district probably comes nearer than any other of the subordinate public corporations of the state to meeting the technical requirements defining a municipal corporation. It has its own directors and officers, conducts its own elections, can sue and be sued in its corporate name, issues bonds, levies, collects, and disburses its own revenues, acquires and holds property, both real and personal, in its own name, and in the management of its internal affairs is entirely independent of the county and state, aside from the control of general laws.'" (*Id.*, at p. 11.)

The Supreme Court further explained:

> ". . . It is of interest to note that although this court refers to a municipal water district (Stats. 1911, p. 1290) as a subdivision of the state it is declared to be a municipal corporation in construing the rights granted by the state to `municipal corporations' for rights of way over state property. (*State of California* v. *Marin Mun. W. Dist.*, 17 Cal.2d 699.) We have seen that an irrigation district and a water district are substantially the same."

The court thus relied upon *State of California* v. *Marin Mun. W. Dist., supra*, 17 Cal.2d 702, which interpreted the predecessor to section 10101, in finding that irrigation districts and water districts are "substantially the same." (See also *Clements* v. *T.R. Bechtel, Co.* (1954) 43 Cal.2d 227, 234; *County of Mariposa* v. *Merced Irr. Dist.* (1948) 32 Cal.2d 467, 470-474; *Mitchell* v. *County Sanitation Dist.* (1958) 164 Cal.App.2d 133, 141; *Turlock Irr. Dist.* v. *County of Tuolumne* (1954) 124 Cal.App.2d 611, 614.)

In light of the foregoing case law, we believe that an irrigation district is a "municipal corporation" within the meaning of section 10101.[3]  Accordingly, since an irrigation district has a statutory franchise pursuant to section 10101 to lay its pipes along and underneath county roads, the county may grant an encroachment permit to the district under the provisions of Streets and Highways Code sections 1450-1470 without itself having to grant a franchise.  We thus need not examine whether the Irrigation District Act also grants a statutory franchise to irrigation districts in such circumstances.

In sum, we conclude that a county may issue an encroachment permit to an irrigation district to lay pipes along or under a county highway without first granting a franchise to the district.

\* \* \* \* \*

---

[3]This determination places irrigation districts in a similar position to county water districts (Wat. Code, § 31060), California water districts (Wat. Code, § 35603), and municipal water districts (Wat. Code, § 71695).